GEORGE W. COLBY *vs.* INHABITANTS OF WISCASSET.

*Damages for injury by defective way.*

An instruction based upon the assumption that the injuries received by the plaintiff, through a defect in a way the defendants are bound to keep in repair, will be permanent is properly refused, since the question of the nature of the injuries and the probable duration of their effect is solely for the jury.  Hence, the court rightly declined to instruct the jury that they might consider the shortening of life, loss of future labor, etc., that would probably result from the injury.   The court could assume no such result as probable.

ON EXCEPTIONS.

This is an action for the recovery of damages for an injury to the female plaintiff, Amanda M. Colby, wife of the other plaintiff, occasioned by want of repair in a public highway in the town of Wiscasset, sustained February 17, 1871.

The testimony tended to prove that the plaintiffs were driving along said road in the winter season in a sleigh, and that using due and proper care the sleigh struck a rock six to eight inches high, a little to the right of the center of the traveled part of the road, which was covered with snow at the time; that the concussion threw said Amanda, with violence, from the sleigh upon the ground, on her left shoulder and side, and that she thereby received a very serious injury in her shoulder joint and broke the collar bone, and broke one or two ribs in her left side; that by reason of these injuries she had suffered and continues to suffer great pain; that her left arm has become permanently disabled, and that there are permanent injuries to the left side, lung, and pleura.

Drs. Hill, Fuller, Colby, Whitmore, and Boynton all testified that in their opinion she could never fully recover the use of her left arm, and that her health was more or less endangered in the future, and that her whole system was in a measure debilitated and disabled by the shock which it thus received.

The plaintiffs requested the court to instruct the jury that in estimating the damages sustained by or resulting from said injuries (if they found the plaintiff was entitled to recover) they might consider (among other things) "the probable shortening of life, the value of all the labor of the said Amanda past and in the future which probably would be lost, and the expense of medical treatment, nursing, and care in the past, and that which will probably be necessarily incurred in the future," by reason of the permanence of said injuries.

It appeared that said Amanda had been accustomed to do her work for her family prior to the accident, but that by reason of the injuries she had thus sustained she has been and is now unable to do any hard work, or to do many kinds of ordinary house-work. And the opinion of the physicians, as proved, was that she would never fully recover her capacity to do such work.

Verdict was for the plaintiffs for $1525.00.

The court refused to give the instruction requested; to which refusal to rule the plaintiffs excepted.

*Gould* and *Moore*, for plaintiffs.

All the damages sustained must be recovered in this action, since the husband cannot sue separately, as he could at common law. *Sanford* v. *Augusta*, 32 Maine, 536. The suffering and loss of time properly included in a verdict for such injuries. *Verrill* v. *Minot*, 31 Maine, 299; *Mason* v. *Ellsworth*, 32 Maine, 271. She was entitled to the avails of her own labor in the future, and was damaged by her loss of such future earnings.

*A. Libbey*, for defendants.

Plaintiffs entitled to recover all damages which are the natural, necessary, and proximate cause of the injury. *Longfellow* v. *Quimby*, 29 Maine, 196; *Worcester* v. *G. F. Manuf. Co.*, 41 Maine, 129; *Prentiss* v. *Shaw*, 56 Maine, 427; *Noxon* v. *Hill*, 2 Allen, 215. The elements of damage stated in the request are too vague and speculative. "The probable shortening of life" is entirely speculative; so is the rest of the requested instruction.

DANFORTH, J. The defect in the requested instruction is that the basis of it is an assumption of the permanence of the injuries to the plaintiff. This was a question of fact for the jury upon the evidence in the case, but would have been taken from them if this instruction had been given. It was therefore rightfully withheld.

*Exceptions overruled.*

APPLETON, C. J.; DICKERSON, VIRGIN, and PETERS, JJ., concurred.