MARY E. FAY vs. JAMES REYNOLDS.

New Haven and Fairfield Cos., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

In a civil issue it is proper that the jury should take into account all the presumptions which, according to the ordinary course of events or the ordinary experience of human nature, arise out of the facts proved. Our courts have not gone so far as to say that any artificial presumption beyond these should be allowed to come in.

[Argued November 6th 1890—decided March 20th, 1891.]

COMPLAINT under the bastardy act; brought to the Court of Common Pleas of Fairfield County, and tried to the jury before *Perry, J.* Verdict for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*S. Tweedy*, for the appellant.

*J. E. Walsh*, for the appellee.

ANDREWS, C. J. In the court below the defendant was tried upon a complaint under the bastardy act and found guilty. In his reasons of appeal from the judgment of that court he sets forth divers grounds of error, but it will be unnecessary to consider any of them, save those relating to the request to charge the jury, and that part of the charge hereinafter recited.

The defendant requested the court to charge the jury as follows: " In this case, to create a preponderance of evidence, the evidence must be sufficient to overcome the opposing presumption as well as the opposing evidence. There is a probability that a man will not commit any heinous or repulsive act, or one which would subject him to heavy damages, and there is an improbability that a man will do such acts as are charged against the defendant in this suit. Such a probability is one to the benefit of which the defendant is entitled. This is a presumption to which the defendant is entitled, which the jury ought to consider, and which ought to be overcome before they render a verdict against him."

The court in reply to this request charged the jury as follows:—" The defendant claims that in addition to his sworn denial of the charge, there is a presumption in his favor arising from what he claims is the probability that a man will not commit any heinous or repulsive act, or one which would subject him to heavy damages, and that there is an improbability that a man will do such acts as are charged against him here, and that that is a presumption which must be overcome by the plaintiff's evidence, as well as the force of his own denial. Such is his claim. In view

of this request I ought to inform you that the penalty for fornication, which is a misdemeanor, is a fine of not more than seven dollars, or imprisonment for not more than thirty days, or both. I charge you then, gentlemen, in reply to the request just referred to, that in arriving at your conclusion you will, of course, consider the probabilities of the case. You are to consider whether the defendant would probably do the act with which he is charged, under the circumstances detailed in the evidence. You are to consider the nature of the act and its probable consequences. You are to consider human nature and its many infirmities. You are, in short, to consider the probability of the truth of the plaintiff's charge, as it is detailed by her, and make that a factor in your conclusions."

In reading the charge it seems quite evident that the trial judge intended to comply with the request. True, he did not say to the jury that the request was correct and laid down the right rule of law, but he did what was pretty nearly equivalent to so saying. He stated to the jury the defendant's claim, and immediately followed the statement with remarks which have no significance except on the theory that the defendant's claim embodied the rule of law by which they ought to be guided. We think the judge intended to be so understood and that the jury must have so understood him. The argument of the defendant's counsel does not controvert this position. But he says the judge, in the same connection in his charge, modified the rule which would be so inferred, and thereby gave to the jury, not the rule of the request, but a very different one. The judge said to the jury that in view of the defendant's request he ought to inform them that the penalty for fornication, that being a misdemeanor, was a fine not exceeding seven dollars, or imprisonment in the common jail not exceeding thirty days, or both. It is complained that by this remark he withdrew from the jury the rule contained in the request and fixed their minds on the penalty alone. We do not so understand that remark. It was really an aid to them in the application of the rule. The defendant says there is a

presumption that a man will not commit a heinous and repulsive act. Let this be granted.. A presumption, or a probability,—for in this connection these words mean the same thing—is an inference as to the existence or non-existence of one fact from the existence or non-existence of some other fact, founded on a previous experience of that connection. As a general rule men do not commit heinous and repulsive acts nor do they commit acts which subject them to heavy damages. The probability that a man will not commit an act that will subject him to heavy damages flows from the fact that the act is followed by the damages, and the weight of the probability bears an exact ratio to the amount of the damages. And those acts which are heinous and repulsive are not all equally so, even when they are criminal. That quality of an act which makes it heinous and repulsive is, or may be, something entirely distinct from its being criminal. An act may be criminal and not be heinous or repulsive; and sometimes an act may be in its nature heinous and repulsive and not be criminal; or it may be made criminal, and be heinous and repulsive because it is followed by a disgraceful punishment. The probability that a man will not commit a heinous and repulsive act arises not so much out of its being criminal or not criminal, as it does out of the known repugnance of mankind to do such acts, and it is proportioned to the degree of their heinousness and repulsiveness.

There is no uniform rule by which this quality of an act can be measured ; nor is there any fixed scale by which the probabilities that a man will not do them can be weighed. The same act often is less heinous and repulsive under some circumstances than under others.

On the other hand all men are not equally free from committing heinous acts. Men have their weaknesses. Human nature is much more prone to do some acts than others. It seems to us that the court below properly called the attention of the jury to the character of the act in question and to the infirmities of human nature. In no other way than by considering both these factors could the rule invoked by the defendant be safely applied by the jury.

In *Mead* v. *Husted*, 52 Conn., 53, this court had occasion to consider instructions given to the jury in response to a request precisely like the request made in the present case. In that case the trial court, after pointing out the distinction between criminal cases and civil ones, said:—"In these cases (i. e. civil cases) the law requires juries to take into account, and sometimes to be governed by, probabilities; and among these probabilities are such as attach to human action. There is an antecedent probability that a man will not commit a crime. In a lesser degree perhaps there is a probability that a man will not commit any heinous or repulsive act, or one that will subject him to heavy damages." In commenting on this language of the Superior Court this court said:—"The charge as given was in advance of the doctrine as heretofore enunciated by this court. * * * Hitherto in this state we have held to the rule that in civil issues the result should follow the mere preponderance of the evidence, even though that result imputes the charge of felony. To that effect is the decision in *Munson* v. *Atwood*, 30 Conn., 102. It ought, however, to be regarded as still an open question in this state whether, as one factor in determining the preponderance of the evidence, the triers may consider the presumption in question. The present case does not require a decision upon that point. It is enough to say that the court will not go beyond the position taken by the court below."

We adhere to the rule so laid down. In a civil issue it is proper that the jury should take into account all the presumptions which, according to the ordinary course of events, or according to the ordinary experience of human nature, arise out of the facts proved. To so much each party is entitled. To so much each party must submit. And we are not prepared to say that any artificial presumption beyond these should be allowed to come in.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.