Clara Fisher Smedley v. Hestonville, Mantua & Fairmount Passenger Railway Company, Appellant.

*Negligence—Street railways—Province of court and jury—Passenger.*

In an action by a passenger against a street railway company to recover damages for personal injuries, the uncontradicted evidence was that, at the place of the accident, the bed of the street had been dug out for the purpose of changing the track from the old horse car system to the kind of track required for the new electric system. New rails were being laid and, for the purpose of continuing the travel while the work was going on, the old rails and the new were kept in a condition of temporary union at the ends, so that the cars could pass from the rails of one system to those of the other. At the very moment of the accident the car had passed from the new rails and was on the old rails. There was quite a depression in the bed of the road caused by the excavation which had been made, and into this depression or excavation the front wheels of the car dropped with sufficient force to throw the passengers with considerable violence from their positions on the seats, and plaintiff was injured. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

*Negligence—Street railways—Damages—Measure of damages.*

It is rather within than beyond the usual instructions in actions of trespass to recover damages for personal injuries, for the trial judge to charge the jury that they can give only such damages as will compensate for her injury, " allowing her damages for the pain and suffering which she has undergone in the past and is likely to undergo in the future, and any permanent injury which you may deem she has suffered, and also any expense which she has been put to in the way of obtaining relief."

Argued Jan. 17, 1898. Appeal, No. 178, Jan. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., March Term, 1895, No. 55, on verdict for plaintiff. Before GREEN, WILLIAMS, MCCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass for personal injuries. Before ARNOLD, P. J.
The facts appear by the opinion of the Supreme Court.

The court charged as follows :

This action is brought to recover damages for injuries which the plaintiff alleges were caused by the negligence of the defendant passenger railway company. Negligence, as you have heard before, means carelessness. The plaintiff was a passenger on one of the defendant company's cars, and while on the car an accident occurred by which she was injured, and she charges that the accident and the consequent injuries to her were the result of the carelessness of the employees of the company ; that they did not take proper care of the passengers, and that while she was riding in the car it was, by their carelessness, derailed, thrown off the track, and she was thrown against the side of the car and suffered injuries. In the outset of the case it is essential that you should find that the injuries to the plaintiff were caused by the carelessness or neglect of the employees of the company, otherwise the plaintiff cannot recover.

It appears at the time of the accident the plaintiff was riding in a car along the line of the defendant company, which was at that time being changed from the old horse system to the new electric system for the propulsion of cars, and at the place where this accident occurred it had been dug out and new rails were being laid to meet the old ones just before they were taken up. There is no denial of the fact that the lady was a passenger and that she was injured. The dispute here is as to the liability for the injury and, secondly, the extent of the injury, and the amount of damages to which the plaintiff is entitled in case she is entitled to any.

[The defense is that the injury to the plaintiff was caused by an inevitable event, an accident which could not have been foreseen or provided against, or, to use more expressive terms, the act of God, unpreventable, unforeseeable, and you will have to determine upon the evidence in this case whether you think that the accident in which the plaintiff was injured was such a one as the defendant company could have been able to foresee and guard against and prevent, or whether it was an event which could not have been foreseen and could not have been prevented.] [5] It is the duty of all transportation companies to carry their passengers safely, to protect them against all injuries which it is within their power to foresee and guard against and prevent. They are not liable for extraordinary events

which they cannot foresee and cannot prevent. [You have a right to say upon the evidence in this case whether this accident was one of the kind which might have been foreseen or was the result of carelessness, taking into consideration this important fact that the road at that time was not in its normal or regular condition; that it was being changed from one system of propulsion to another, and whether the company under those circumstances was not bound to a higher degree of care and foresight than is usual.] [6] If you are of opinion that this company should have prevented this accident, should have guarded against it, and the accident was one which could have been foreseen by it, and could have been prevented, then, of course, [you may render a verdict for the plaintiff for any damages which you think she has suffered in consequence of the injury, or is entitled to in consequence of the injury.] [7] It is argued here that she herself was, perhaps, at fault. I do not think counsel really meant to enforce that argument, that she knew that the road was being changed and that she took the risk of going across that part of the road where the repairs were then being made. I do not know whether counsel really believes that argument to be a good one or not. I do not think that you will. I am sure I do not, but it is a question for you to say whether you think it was carelessness on the part of a passenger at the time they were changing the railways in Philadelphia from one system to another, or at any time when they were repairing the road, to remain in the car and ride over the place where the change was being made. The argument was made to you, and I submit it to your judgment to say whether you think it was carelessness on the part of the plaintiff to stay in a car going over a part of the road that was being changed.

It appears that the accident occurred at a point which they called a junction of a new rail and the old rail, and for some cause or another the car was thrown off the track, and that in consequence thereof this plaintiff was injured. That she was injured is not disputed. The contention on the part of the defendant company is that the accident was one for which it was not responsible, and that the plaintiff must bear her own loss. I submit to you to determine upon the evidence in this case whether you find that her injury was caused by the fault or neglect of the employees of the company. [If you find that

it was, then you can give her a verdict for such damages as will compensate her for the injury which she has suffered.] [8] You will remember the testimony is that her nose was bruised and cut and also her forehead, and that she was pretty badly injured, had to have her wounds dressed; the day following they were opened, and suppuration, discharge of pus or matter flowed from the wounds. The lady kept her bed for four weeks and her house for several months, and she still suffers nervousness in consequence of that injury. [If you are of opinion that the company is responsible for the injury, then you can give her damages that will compensate her for the injury which it has caused her, allowing her damages for the pain and suffering which she has undergone in the past and is likely to undergo in the future, and any permanent injury which you deem she has suffered, and also any expense which she has been put to in the way of obtaining relief.] [9] In this case it is agreed by the parties that the one action of the wife shall be the action of both the husband and the wife ; that the claims that the husband might otherwise make are to be settled in this case,] [10] and you may take into consideration of this case the expense of which they have been put to in obtaining relief and treatment for the injuries which she has suffered. [The damages are to be such as would compensate her for the pain and suffering she has undergone, is undergoing now and is likely to undergo in the future,] [11] that is, if she has suffered permanent injury to her nerves or physical condition, and the expense she has been put to in consequence of her injury. In assessing the damages, in case you find for the plaintiff, I instruct you to give her compensation only. It is not a case for sympathetic or extreme or outlandish damages, but a case for fair and just compensation for the injury which she has undergone, in case that you find that she is entitled to a verdict. It is a matter for you to settle altogether upon the evidence, first determining whether the company is responsible at all, and if you find that it is, then for how much is it responsible.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Errors assigned* among others were (5–11) above instructions, quoting them.

*J. Howard Gendell,* for appellant, cited on the question of negligence : 4 Elliott on Railroads, sec. 1585 ; Fredericks v. Northern Cent. R. R., 157 Pa. 103 ; Peoples Savings Bank v. Denig, 131 Pa. 241 : Huddleston v. Boro. of West Bellevue, 111 Pa. 110 ; Duncan v. Sherman, 121 Pa. 520 ; Tenbrooke v. Jahke, 77 Pa. 392 ; Slaymaker v. St. John, 5 Watts, 27 ; Tyrone M. & M. Co. v. Cross, 128 Pa. 636.

Cited on the question of damages : Goodhart v. Penna. R. Co., 177 Pa. 1 ; Baker v. Penna. Co., 142 Pa. 503 ; Phila. & Reading R. R. Co. v. Adams, 89 Pa. 31 ; Penna. R. Co. v. Ogier, 35 Pa. 60 ; R. R. Co. v. Kelley, 31 Pa. 372 ; R. R. Co. v. Books, 57 Pa. 339.

*James W. Latta,* for appellee, cited on the question of negligence: Laing v. Colder, 8 Pa. 479 ; Sullivan v. Phila. & Reading R. R., 30 Pa. 238 ; Citizens Ry. v. Twiname, 111 Ind. 587 ; Fredericks v. Northern Cent. R. R., 157 Pa. 103 ; Long v. Penna. R. Co., 147 Pa. 343 ; Widdall v. Garsed, 125 Pa. 361 ; Meier v. Penna. R. Co., 64 Pa. 227.

Cited on the question of damages : Kyle v. Electric Light & Power Co., 174 Pa. 570 ; Goodhart v. R. R. 177 Pa. 1 ; Owens v. Peoples Pass. Ry. Co., 155 Pa. 334.

OPINION BY MR. JUSTICE GREEN, February 28, 1898 :

There could not be any doubt that the accident which caused the plaintiff's injury resulted in some way from the condition of the track at the place where the car left the track. It was shown by abundant testimony, and not at all contradicted, that at the place of the accident, the bed of the street had been dug out for the purpose of changing the track from the old horse car system to the kind of track required for the new electric system. New rails were being laid and, for the purpose of continuing the travel while the work was going on, the old rails and the new were kept in a condition of temporary union at the ends, so that the cars could pass from the rails of the one system to those of the other. At the very moment of the accident the car had passed from the new rails and was on the old rails. There was quite a depression in the bed of the road caused by the excavation which had been made, and into this depression or excavation the front wheels of the car dropped with sufficient

force to throw the passengers with considerable violence from their positions on the seats. The plaintiff's head was dashed against the fare box or the side of the car, and she received severe contusions and lacerations of the head and face. That her injuries were very serious was fully proved by the medical testimony. As a matter of course the plaintiff was in no degree responsible for the accident, either by way of contributory negligence or in any other manner. She was a passenger who had paid her fare and was entitled to safe conduct to her destination. There were but two questions in the case, one as to the defendant's negligence and the other as to the measure of damages. The learned trial judge left both these questions to the jury with careful and correct instructions, and with adequate cautions against excessive damages. It was claimed for the defense that the accident was the result of an inevitable event which could not have been foreseen or provided against. The court left this question to the jury on all the evidence, charging that the defendant was not liable for extraordinary events which it could not foresee or prevent. The charge was absolutely correct on this subject, and the defendant was allowed every possible opportunity to establish this defense. The jury, by their verdict, found for the plaintiff, and a reading of the testimony convinces us that they found correctly. We can discover no room for any theory that the accident was due to an inevitable event which could not have been foreseen or prevented. It was manifestly due to some defect in the track which was not explained, but for which the defendant was clearly responsible. We think the learned court was not quite correct in the answers given to the fifth and sixth points of the defendant, in saying that they were refused because they concluded with the phrase " that the verdict should be for the defendant." We do not think the points asked a binding instruction, but only a direction that if the hypothetical facts stated in the points were found by the jury, then the verdict should be for the defendant. But the rule of duty stated in the points was not sufficiently strict when applied to carriers of passengers, and therefore the points could not have been affirmed as they stood. It requires more than mere reasonable care and prudence to relieve carriers of passengers from their legal duty of safe carriage. The refusal of the points, therefore, did no harm.

In regard to the question of damages we see no error in the charge. The court instructed the jury that they could only give damages that would compensate the plaintiff for her injury, "allowing her damages for the pain and suffering which she has undergone in the past and is likely to undergo in the future, and any permanent injury which you may deem she has suffered, and also any expense which she has been put to in the way of obtaining relief." There was nothing wrong in this. It is rather within than beyond the instructions which are generally given in cases of this character. Clearly the charge on this subject was not erroneous, as against the defendant.

The assignments of error are all dismissed.

Judgment affirmed.