BETTIE D. POST *vs.* THE HARTFORD STREET RAILWAY COMPANY.

First Judicial District, Hartford, October Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The action of the trial judge in finding certain facts and in refusing to find others, as to which the evidence was conflicting, will not be disturbed by this court upon appeal. Printing certified evidence for such purpose is a useless expense.

An objection to evidence will be considered as waived if no exception is taken to the ruling admitting it.

The conductor of a street-car which stopped to receive a woman, waited the usual time and then gave the signal for the car to start, although he knew the passenger had not then boarded the car, but did not know or attempt to learn whether she was or was not in the act of getting on. *Held* that under these circumstances the trial court was warranted in finding the street railway company guilty of negligence.

Where a person has suffered bodily injuries from two successive accidents, there may be a practical difficulty in distinguishing between the damages sustained in each, but there is no legal obstacle to making such distinction.

The plaintiff was injured in February, 1895, by a fall upon the sidewalk in Hartford and sued the city for damages. Before the trial of that action she was injured in attempting to board one of the defendant's street-cars. Upon the trial of the present case it appeared from the record that in her suit against the city the plaintiff intentionally concealed the fact of the street-car accident and its results, and attributed all her disabilities and pain solely to her fall upon the sidewalk; and thereby caused the court to include in its judgment damages for the injury caused by the street-car accident. *Held* that the payment of the enhanced damages in the city suit could not in any legal sense be regarded as a payment made by or on behalf of the defendant, so as to discharge it from the duty of paying for the consequences of its own negligence; that the money so paid by the city might perhaps be recovered by it, but that its failure to attempt a recovery could not avail the defendant in the present action. *Held* also, that if the plaintiff had by her perjury or concealment gained an undue advantage over the city, there was no rule of law founded upon public policy which would prevent a court from aiding her in a subsequent suit to recover a just claim against the defendant.

Argued October 3d—decided November 7th, 1899.

ACTION to recover damages for personal injuries claimed to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County and tried to the court, *Prentice, J.;* facts found and judgment rendered for the plaintiff for $600, and appeal by the defendant for alleged errors in the rulings and findings of the court. *No error.*

The material facts found are in substance the following: The defendant operates a street railroad in Hartford. In January, 1897, at night, the plaintiff signaled one of defendant's cars to stop that she might become a passenger therein. The conductor of the car did not see the plaintiff nor her signal, but the motorman did and stopped the car. The conductor was at this time engaged in the front part of the car. After the car had stopped a sufficient time for passengers to enter, the conductor gave the signal to start and the car was immediately started. Up to this time the conductor, who had not left the front part of the car, had not seen the plaintiff nor the woman who accompanied her.

The plaintiff was at this time suffering from a spinal injury caused by a fall upon the sidewalk in February, 1895, and in consequence thereof was unable to board a car without considerable difficulty and some assistance; but of this neither the motorman nor the conductor had any knowledge. When the car stopped the plaintiff with her friend started to enter it, and while in the act of stepping upon the rear platform the car started, as above stated. As a result of the start the plaintiff was thrown to one side against the rear railing and partly down upon the steps or platform. Immediately thereafter the conductor's attention was called to the situation, the car was at once stopped and the ladies were assisted by him into the car. As a result of this fall the plaintiff was injured in her spine and nervous system, the injury being an aggravation of the spinal trouble from which she had been suffering prior to this time.

The fall was one which would have meant little to a person in ordinary physical condition, but happening to the plaintiff in her then enfeebled state it was the exciting cause for

the aggravation of her spinal and nervous troubles, and resulted in an increase of pain, suffering and disability for some considerable time. This pain, suffering and disability she would not have experienced but for said fall. Her condition of permanent disability was occasioned by the earlier accident in February, 1895.

Upon these facts the court found that the defendant was guilty of negligence in starting the car in the manner above stated, that this negligence was the cause of the injury to the plaintiff for which a recovery was had in this case, and that the plaintiff was not guilty of contributory negligence.

The plaintiff offered in evidence the statutory notice she had given to the defendant of her injury. The defendant objected to this on the ground that the notice was not specific enough. The court overruled the objection and no exception was taken to the ruling.

At the time of the car accident in January, 1897, the plaintiff in this suit had a suit pending in the Superior Court for Hartford county against the city of Hartford, to recover damages for the result of her fall upon the sidewalk in 1895. In the complaint in that suit it was alleged, in substance, that by reason of the fall the plaintiff had suffered severe and constant pain, that her powers of locomotion were permanently and seriously impaired, and that she would be for the remainder of her life a cripple and a great and constant sufferer from pain. That suit was tried in May, 1897, and the plaintiff recovered $1,800 damages, and the judgment was subsequently satisfied. At the trial of that suit neither the city nor the court had any knowledge of the plaintiff's injury by the street-car accident in January, 1897, and during the trial neither the plaintiff nor her witnesses were inquired of concerning said injury and made no allusion to it. This concealment of said injury, on the part of the plaintiff and her witnesses who were cognizant of it, was intentional, and with the design of withholding the facts respecting said injury from the city and court, unless called for by inquiries made to them while testifying. In that suit the testimony of the plaintiff and her witnesses, so far as it related to the

condition and sufferings of the plaintiff, "might well, in so far as the language used was concerned, have embraced the aggravated consequences which flowed from the accident of January, 1897." The defendant asked the court to rule that this conduct of the plaintiff in her suit against the city "was such an imposition upon the court and fraud upon this defendant as to debar her, upon the ground of public policy," from the right to recover in this action. The court overruled this claim, and awarded damages only for the injury actually caused to the plaintiff by the accident of January, 1897.

The defendant further claimed, in effect, that it was impossible to distinguish between the damages sustained by the plaintiff from the accident of 1895, and those alleged by her to have been received from the accident of January, 1897. The court overruled this claim.

The defendant asked the court to make certain amendments and additions to the finding, and the court refused to do so. The appeal is based upon these various rulings of the court.

*Arthur F. Eggleston* and *John H. Buck*, for the appellant (defendant).

*William C. Case* and *Sidney E. Clarke*, for the appellee (plaintiff).

TORRANCE, J. The last four assignments of error in this case relate to the action of the trial court in finding certain facts and in refusing to find certain facts, from the evidence. All of these assignments simply allege error in finding or refusing to find facts from evidence adduced on the trial. It is not claimed that the facts found were found without any evidence, nor that the facts which the court refused to find were admitted or undisputed. By repeated decisions of this court such alleged errors are not reviewable here. *Atwater* v. *Morning News Co.*, 67 Conn. 504; *Hoadley* v. *Savings Bank of Danbury*, 71 id. 599; *Standard Cement Co.* v.

*Windham Nat. Bank*, ibid. 668; *Nolan* v. *New York, N. H. &
H. R. Co.*, 70 id. 159, 173. "Such matters are not review-
able by this court. Printing certified evidence for such pur-
pose is a useless expense." *Standard Cement Co.* v. *Wind-
ham Nat. Bank*, *supra*, p. 680; *Thresher* v. *Dyer*, 69 Conn.
404, 409. For this reason the finding as made must stand.

The assignments of error, relative to the statutory notice
given by the plaintiff to the defendant, are not supported by
the record and cannot avail the defendant on this appeal.
The only claim made with regard to the notice was that it
was not sufficiently specific in its description of the injuries
received by the plaintiff. This claim was made in the form
of an objection to the admissibility of the notice in evidence,
and in no other way. The court overruled the objection and
admitted the notice in evidence, and the record is that "no
exception to this ruling was taken." Under these circum-
stances the defendant must be held to have waived the objec-
tion, and cannot now be heard to insist upon it.

Another point made upon this appeal is that the special
facts found do not support the conclusion that the defendant
was guilty of negligence. In very many of the cases of this
kind the question whether a party has or has not been guilty
of negligence is one which will not be reviewed by this court,
unless it appears that the trial court failed to apply the cor-
rect standard of duty, or violated some rule or principle of
law in reaching its conclusion. *Bergin* v. *So. New Eng.
Tel. Co.*, 70 Conn. 54, 64; *Nolan* v. *New York, N. H. & H. R.
Co.*, ibid. 159, 191.

Assuming, however, as claimed by the defendant, that the
conclusion as to negligence in this case is one which the
court will review, the record fails, we think, to show that the
court erred in reaching that conclusion. Upon this assump-
tion the important question is whether, before giving the
signal to start, it was the duty of the conductor to know that
the plaintiff was either safely on board of the car, or so far
free from the car that she could not be injured physically by
putting the car in motion. We think it was his duty to know
this under the circumstances. The conductor knew that the

Post *v.* Hartford Street Railway Co.

car had stopped to receive a passenger. Before he gave the signal to start he knew the passenger had not boarded the car, and he did not know, and made no reasonable attempt to know, whether she was or was not in the act of getting on board. He thus failed to perform a plain duty devolving upon him, and such a failure, under the circumstances disclosed by the finding, warranted the court in holding that the accident to the plaintiff was due to the defendant's negligence.

In this view of the case the fact that those in charge of the car had no notice of the plaintiff's infirmities is of no consequence.

Upon the facts found we are of the opinion that the trial court did not err in finding that the defendant was negligent.

Upon the trial below the defendant claimed (1) that the plaintiff was entitled to recover in this case only for the damages caused by the accident of January, 1897, and not for any caused by the fall upon the sidewalk in 1895; (2) that it was impossible for the court to distinguish between the damages received by the plaintiff in these two accidents. The court ruled in favor of the defendant upon the first claim and against it upon the second.

Of this last ruling the defendant complains in one of the assignments of error. No question for this court is presented by this assignment. There may have been a practical difficulty in distinguishing between what were the consequences of the earlier accident and what of the later; but there was no legal difficulty in distinguishing between them, and the court made the distinction, and there is nothing in the record to show that it could not legally make it or that it erred in any way in making it.

The last point to be considered is the claim made in relation to the conduct of the plaintiff in this case in her suit against the city of Hartford.

In February, 1895, Mrs. Post was injured by a fall upon a sidewalk in that city, and to recover damages for that injury she sued the city. That suit was tried in May, 1897. Upon that trial both the city and the court were ignorant of the fact that Mrs. Post had been injured by the street-car acci-

dent in January, 1897, and in that trial Mrs. Post and her witnesses made no reference to that accident. The defendant claims that upon the record in the present case it fairly appears : (1) that for the purpose of enhancing the damages she might recover in her suit against the city, Mrs. Post in that suit intentionally concealed the fact of her injury in January, 1897, and its results ; (2) that in that suit she and her witnesses attributed all her disabilities and pain and suffering, including " the aggravated consequences which flowed from the accident of January, 1897," solely to her fall upon the sidewalk, and thereby caused the court to include in its judgment damages for such "aggravated consequences." For the purpose of the argument merely, it may be conceded that these claims are supported by the record. Upon the facts thus conceded the defendant claims, in substance : (1) that the plaintiff having been once paid by the city of Hartford for the injuries here sued for, is not entitled to recover them again from this defendant; (2) that having practiced a deceit upon the court and city in the former suit, it is against public policy to allow her to recover in this suit.

The first of these claims proceeds upon the assumption that the plaintiff has been already paid by the city for the injuries caused by the street-car accident, and the fact thus assumed is, legally speaking, not true. It is indeed true, upon the conceded facts, that the plaintiff has received from the city money for the injuries caused by the street-car accident; but upon these facts it is equally true that it was wrongfully received by her by means of her fraudulent conduct, and could not, except by the sufferance of the city, be legally retained by her as against the city. This the defendant in its brief concedes, saying that the conduct of the plaintiff " was such a fraud and imposition that upon proper proceedings to vacate the judgment, it would have been vacated and set aside, and the money paid be recovered back." If this be so, if the plaintiff holds this money wrongfully and at the mere sufferance of the city, it is difficult to see how it can be regarded as a payment made by or on behalf of the defendant, so as to discharge it from the duty of paying for the consequences of

its own negligence. The mere fact, if it be one, that the city has taken no steps to right the wrong which it is claimed was done to it by the plaintiff, or that it will not or may not ever do so, is of no consequence here. The failure by the city to take any such steps cannot, under the circumstances, so inure to the benefit of the defendant as to make the payment of the judgment by the city a payment of which the defendant can avail itself in the present case.

Nor is the second claim a tenable one. If *A*, in his suit against *B*, commits perjury and thereby gains an unjust advantage over *B*, we know of no rule founded upon public policy which forbids the courts to aid *A* in recovering in a subsequent suit a just claim which he may have against *C*. No authority has been cited in support of this claim, nor are we aware that any such authority exists.

Upon the facts found in the present case the plaintiff has a good claim for damages against the defendant, and it has not in any way been waived, discharged nor satisfied, and no reason why the courts should refuse to aid her in recovering it appears upon the record.

There is no error.

In this opinion the other judges concurred.