CORA A. PULLEN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    January 12, 1911. — March 4, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Damages*, In tort.  *Practice, Civil*, New trial.

In an action of tort by a woman for personal injuries, an instruction by the presiding judge, that the plaintiff has a right to have the jury consider the possibility that by reason of the plaintiff's injuries an operation in the future may be necessary, is erroneous, when it is not limited by a further instruction that the plaintiff

can recover only for such consequences of her injuries as it is proved by a reasonable preponderance of the evidence reasonably may be expected to follow.

In an action of tort for personal injuries, where, after a verdict for the plaintiff, an exception of the defendant was sustained on account of an erroneous instruction by the presiding judge upon the matter of damages, a new trial was ordered on the question of damages only.

TORT for personal injuries alleged to have been sustained by the plaintiff on June 13, 1907, while she was entering a car of the defendant at the defendant's Sullivan Square station in that part of Boston called Charlestown, by reason of the door of the car closing upon her. Writ dated September 17, 1908.

In the Superior Court the case was tried before *Hitchcock*, J. The counsel for the defendant called the attention of the judge to the portion of his charge upon the question of damages which is quoted in the opinion, and the judge, as stated in the opinion, refused to change it. The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*H. D. McLellan*, for the defendant.

*W. J. Corcoran*, for the plaintiff.

LORING, J. The presiding judge told the jury that "if the [plaintiff's] physical condition is such that it may, or may not, involve future expense, she would be entitled to have that considered"; also, "If it [the plaintiff's physical condition] did not necessarily involve that [future expense], but it might happen in the future, that would be a thing for you to consider as in the future"; and lastly, the bill of exceptions states that "The judge further instructed the jury that the plaintiff would have the right to consider the 'possibility that an operation in the future might be necessary' on the question of damage." We interpret this last part of the charge to mean that the judge told the jury that the plaintiff would have the right to have the jury consider the possibility that an operation in the future might be necessary.

A plaintiff is entitled to compensation for all damages that reasonably are to be expected to follow, but not to those that possibly may follow, the injury which he has suffered. He is not restricted to compensation for suffering and expense which by a fair preponderance of the evidence he has proved will inevitably follow. He is entitled to compensation for suffering and expense which by a fair prepoderance of the evidence he has satisfied the jury reasonably are to be expected to follow, so far

as human knowledge can foretell. There are many cases where the suffering and expense following an injury cannot be foretold with exactness. The fact that suffering and expense cannot always be foretold with exactness is a fact which the jury have to deal with in determining what suffering and expense reasonably will follow as distinguished from what possibly may follow. *Fry* v. *Dubuque & Southwestern Railway*, 45 Iowa, 416. *Strohm* v. *New York, Lake Erie & Western Railroad*, 96 N. Y. 305. *Chicago City Railway* v. *Henry*, 62 Ill. 142. Further cases are collected in 13 Cyc. 31, 32. See also Sedgwick, Damages, (8th ed.) § 172.

It is probable that the presiding judge did not intend to go further than to tell the jury that in case of the injury here in question human knowledge could not foretell the future with exactness, and that they must consider that fact in determining what it was proved by a fair preponderance of the evidence were the damages which were reasonably to be expected to follow, as distinguished from those that might follow.

But what the judge said was not so limited. The jury might well have understood that they were at liberty to give damages for what might happen as distinguished from what was reasonably to be expected would happen. Taking the last part of the charge as an example: The jury might well have understood that they could consider and give the plaintiff damages for the possibility that an operation in the future might be necessary, although they were not satisfied by a fair preponderance of the evidence that so far as could be foretold it was reasonably to be expected that it would be necessary. The judge's attention was called to this part of the charge and he refused to modify it.

The result is that the exceptions must be sustained but the new trial must be confined to damages.

*So ordered.*