## ROSA JOHNSON *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

In an action for personal injuries, future apprehended consequences which are merely possible are speculative and can furnish no basis for damages; on the other hand, in this jurisdiction, it is not necessary that they should be reasonably certain to ensue.

The plaintiff should be permitted to prove those results which are likely to happen, that is, those which are reasonably probable.

When it has been shown by a fair preponderance of the evidence that, in consequence of an injury, future pain and suffering are reasonably likely, or to be expected, or probable, damages should be allowed for them as well as for those which are certain to occur.

The trial court, in its charge, limited the recovery to compensation for the injuries which the plaintiff "has undergone or will undergo," and instructed the jury to consider the "probabilities of future improvement rather than possibilities of non-improvement." *Held* that the jury must be assumed to have taken the law as given them by the court, and to have awarded compensation only for such future consequences of defendant's negligence as they found to be probable, and not for such as they found to be possible.

The defendant in a single request asked the court to charge that future consequences "which are speculative or merely possible are not proper to be considered," and that, to warrant a recovery for them, "there must be such a degree of probability of such consequences as to amount to a reasonable certainty." *Held* that this request must be treated as a whole; the first proposition is sound law, the second is not; the court was correct in refusing to so charge and in

adopting the rule that damages for future injuries must be confined to those which are reasonably probable.

Argued April 10th—decided June 13th, 1912.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Holcomb, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendant. *No error.*

*Joseph F. Berry,* for the appellant (defendant).

*Ulysses G. Church,* for the appellee (plaintiff).

GEORGE W. WHEELER, J. The plaintiff was a passenger on defendant's trolley-car, and the verdict of the jury imports that she suffered the injuries complained of through an explosion caused by a defective controller, which the defendant in the exercise of its duty would have discovered and remedied; and that the plaintiff's physical injuries were severe, and resulting therefrom was a highly nervous condition of chronic neurasthenia or nervous exhaustion.

The defendant complains that evidence of future apprehended injuries, which were merely possible, was received against its objection; and, further, that the court refused to instruct the jury, in accordance with its request, that recovery could only be had for those injuries "which are reasonably certain to ensue," and, for "apprehended future consequences of an injury," only those of which there is "such a degree of probability of such consequences as to amount to reasonable certainty."

Injuries in tort actions which are merely possible are speculative, and can furnish no basis for a recovery of

damages. *Pullen* v. *Boston Elevated Ry. Co.*, 208 Mass. 356, 94 N. E. 469.

In some jurisdictions, in tort, the rule of damages includes prospective injury in those instances only where the apprehended consequences are such as in the ordinary course of nature are reasonably certain to ensue. *Chicago, M. & St. P. Ry. Co.* v. *Newsome*, 154 Fed. Rep. 665, 83 C. C. A. 422; *Williams* v. *Clark County*, 143 Iowa, 328, 120 N. W. 306; *Hardy* v. *Milwaukee Street Ry. Co.*, 89 Wis. 183, 187, 61 N. W. 771.

"Certainty" is freedom from doubt, and if a plaintiff is required to prove that future apprehended consequences are reasonably free from doubt, he has imposed upon him a burden far beyond the ordinary requirement of proof in a civil action and approximating closely to the proof beyond a reasonable doubt of the criminal action. Other jurisdictions hold that all that is meant by the reasonably certain rule is that there must be such a degree of probability as amounts to a reasonable probability. *Brininstool* v. *Michigan United Rys. Co.*, 157 Mich. 172, 180, 121 N. W. 728; Watson on Damages for Personal Injuries, § 384; Booth on Street Railways (2d Ed.) § 409.

"Reasonable certainty" and "reasonable probability" bear no resemblance to each other, and judicial construction which brings them into apposite relation seems to us forced, perhaps, to save the appearance of a rule which violates a fundamental of the theory of evidence. This attempt has been aided by text-book writers, who no doubt saw that the requirement of proof of future injuries to a reasonable certainty was· an exception to the ordinary requirement of proof.

"A presumption, or a probability, . . . is an inference as to the existence or non-existence of one fact from the existence or non-existence of some other fact, founded on a previous experience of that connec-

tion." *Fay* v. *Reynolds*, 60 Conn. 217, 220, 21 Atl. 418. And when the trier has a reasonable belief of the probability of the existence of a fact material to the issue it is its duty to find it. *Hoyt* v. *Danbury*, 69 Conn. 341, 348, 37 Atl. 1051; *Finken* v. *Elm City· Brass Co.*, 73 Conn. 423, 47 Atl. 670.

In tort the plaintiff must recover in a single action all of his damage. The consequences of an injury cannot be definitely predicted. The plaintiff should be permitted to prove those results which are likely to happen, that is, those which are reasonably probable, for that is but establishing results which under like circumstances generally come to pass. When a plaintiff has by a fair preponderance of the evidence satisfied the jury that future pain and suffering in consequence of his injury is reasonably likely, or probable, or to be expected, he should be compensated for these as well as for those which are certain to occur. *Smedley* v. *Hestonville, M. & F. P. Ry. Co.*, 184 Pa. St. 620, 626, 39 Atl. 544; *Amos* v. *Delaware River Ferry Co.*, 228 Pa. St. 362, 369, 77 Atl. 12; *Pullen* v.*Boston Elevated Ry. Co.*, 208 Mass. 356–358, 94 N. E. 469; *Arkansas City* v. *Payne*, 80 Kan. 353, 102 Pac. 781; *Lentz* v. *Dallas*, 96 Tex. 258, 72 S. W. 59; *Snook* v. *Anaconda*, 26 Mont. 128, 66 Pac. 756; *Norfolk Ry. & Lt. Co.* v. *Spratley*, 103 Va. 379, 49 S. E. 502; *Colby* v. *Inhabitants of Wiscasset*, 61 Me. 304, 306; Hale on Damages (1896 Ed.) § 30.

"In civil actions it is not necessary that the triers should be free from all reasonable doubt as to the proper conclusions to be drawn from the evidence." *Hoyt* v. *Danbury*, 69 Conn. 341, 348, 37 Atl. 1051. One end of the law is to end controversy, and to accomplish this courts may rest their judgments in civil actions upon reasonable probabilities. The law esteems the fact which in all reasonable likelihood will occur, as existent. Much of the confusion in the authorities has come from

assertion of the reasonable certainty rule in the case of *Strohm* v. *New York, L. E. & W. R. Co.*, 96 N. Y. 305, 306. And while this case has been frequently followed by the inferior courts of New York and also in *Briggs* v. *New York Central & H. R. R. Co.*,177 N. Y. 59, 62, 69 N. E. 223, the Court of Appeals of New York has, in *Cross* v. *Syracuse*, 200 N. Y. 393, 396, 94 N. E. 184, said: "The prevalent mistake in regard to that decision [*Strohm* v. *New York, L. E. & W. R. Co.*] is the supposition that it forbade the introduction of any opinion evidence as to the probable consequences of an existing condition due to injury unless the opinion could be pronounced with reasonable certainty. The *Strohm* case in fact laid down no such rule." *Griswold* v. *New York Central & H. R. R. Co.*, 115 N. Y. 61, 64, 21 N. E. 726; *Feeney* v. *Long Island R. Co.*, 116 N. Y. 375, 382, 22 N. E. 402. The defendant's criticism that the evidence of possible injuries should have been excluded is well taken.

But we think the court, in its instructions, so placed the rule of damages before the jury that they could not have considered the subject of possible damages without disregarding the instructions. The charge limited the recovery to the fair and reasonable compensation for the injuries, physical and mental, which the jury found by a fair preponderance of the evidence the plaintiff has undergone, or will undergo, as a result of her injuries, and which were the natural and proximate consequences of the defendant's negligence. And the jury were told that they might include compensation for any permanent injuries, if they found such had so resulted, and that as to these they were to consider the "probabilities of her future improvement rather than possibilities of non-improvement." The instructions upon the elements of recovery were clear, and the presentation of this subject was fair to each party.

We think the jury must be assumed to have done their duty, and taken the law as given them by the court, and hence that they rendered their verdict having in mind that only just compensation for the proximate consequences of the defendant's negligence could be awarded, and that their consideration of what injuries the plaintiff would suffer in the future must have been confined to those they found to be probable and not to those they found to be possible. *Gorman* v. *Fitts*, 80 Conn. 531, 534, 69 Atl. 357; *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 23, 40 Atl. 1046.

With these definite instructions before them, it seems quite unreasonable to conclude that the jury disregarded them and considered a possible result suggested by one of the plaintiff's experts, without any suggestion that such was the natural and proximate result.

Upon this subject the defendant requested the court to charge: "If you find a verdict for the plaintiff in the case of Rosa Johnson, the damages which you should award are for those injuries which the plaintiff has proven by a fair preponderance of the evidence to have been sustained, and for any other injuries or disorders which are reasonably certain to ensue. Consequences which are speculative or merely possible are not proper to be considered by you in estimating damages. In order for the plaintiff to recover damages presently for apprehended future consequences of an injury, there must be such a degree of probability of such consequences as to amount to reasonable certainty that they will result from the original injury."

This request must be treated as a whole. One of its sentences, "consequences which are speculative or merely possible are not proper to be considered by you in estimating damages," was sound law, and was substantially complied with. The rest of the request was an assertion of the "reasonable certainty" rule, which

we have already discussed and disapproved of. The court was correct in refusing to give the "reasonable certainty" rule, and in substantially adopting the rule that damages for future injuries must be confined to those which are found by the jury to be reasonably probable.

We agree with the defendant's counsel that the case of *Murphy* v. *Connecticut Co.*, 84 Conn. 711, 81 Atl. 961, affords no countenance of the doctrine that a recovery may be had for speculative or possible injuries. In that case some evidence of a possible injury was received without objection, and no specific request was made to the court concerning the recovery of future apprehended consequences. And we construed the charge as a whole to limit the recovery to such future injuries as were probable. We said: "The defendants' contention, that from the size of the verdict it is more than probable that the passages from the instructions of the court, above quoted, improperly influenced the jury to consider damages of merely a conjectural or of a speculative character, is not borne out by the record."

There is no error.

In this opinion the other judges concurred.