CHICAGO CITY RAILWAY COMPANY *et al.*

*v.*

JAMES R. HENRY.

1.  DAMAGES, EXCESSIVE—*personal injury.*  In an action on the case against a city railway company to recover damages for personal injury resulting from being ejected and thrown from a street car by the servants of the company, it appeared that the plaintiff got up immediately after he was thrown upon the ground, pursued and overtook the car, and walked a considerable distance the same evening; went to work the next day, as usual, and, when examined some days afterward, there was found no abrasion, contusion, or external injury; and the whole evidence failed to show that he had received any serious and permanent injury; and it further appeared that at the time of the trial he had recovered to a considerable extent; and, even if the injury received was permanent, that it was not so serious as to disqualify him from business or earning a livelihood.  The jury returned a verdict for $12,000 damages: *Held,* that the damages were so grossly and glaringly excessive that a new trial should have been granted.

2.  EVIDENCE—*pecuniary ability in aggravation of damages.*  On the trial of an action against a street railway company and the conductor to recover for

personal injuries for the acts of the servants of the company, the court received evidence of the pecuniary ability of the company in aggravation of damages: *Held,* that the admission of the evidence was improper, as the conductor was liable for the judgment, and the evidence as to him was highly prejudicial.

APPEAL from the Circuit Court of Du Page County; the Hon. SILVANUS WILCOX, Judge, presiding.

This was an action on the case brought by appellee in the Superior Court of Cook County against the Chicago City Railway Company, and Michael Moran, the conductor. The testimony was voluminous, but the conclusions of fact therefrom are stated in the opinion.

Messrs. HITCHCOCK, DUPEE & EVARTS, for the appellants.

Messrs. COOPER & PACKARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellee in the Superior Court of Chicago, against appellants to recover damages for injuries claimed to have been received by being ejected from the cars of the company. The venue was subsequently changed to the circuit court of Du Page County, where a trial was had before the court and a jury, resulting in a verdict and judgment for $12,000 against appellants.

It is first urged that the verdict is clearly against the evidence. The evidence is conflicting, and as it is the province of the jury in such cases to weigh it, unbiased, and free from extraneous considerations, we shall forbear to comment on its weight, as the case must be submitted to another jury when the same evidence will no doubt be again introduced.

When the evidence is attentively considered, we are irresistibly forced to the conclusion that the verdict is glaringly excessive. The injury bears but a slight comparison to the damages awarded. It is proved, and seems not to be contradicted, that appellee arose immediately after striking the ground, pursued the car, overtook, and caught hold of it, and

called upon persons present to witness and remember the circumstances.    He seems to have walked a considerable distance the same evening after the occurrence, and went to work the next day as usual, but swears he felt sore and a little dizzy.    On being examined by his physician, some six or eight days after, no abrasion, contusion, or other external injury to the head was discovered, nor apparent injury to any portion of his body.    In all of this we have nothing that indicates severe injuries.    But some ten days later, when another physician was called in consultation, the appearance of a depression was discovered on one side of his head.    But whether natural, accidental, and of long or recent standing does not appear.    Nor do we see that it was caused by the fall from the car.

That appellee was injured there seems to be no doubt, but whether the injury is serious and permanent, from the evidence, there is great doubt.    His medical witnesses do not express any very decided opinion on that point.    They incline to the opinion that, when a severe injury has been received by the nervous system, the person seldom ever recovers completely.    But whether appellee has received such an injury appears to be more than doubtful.    After being out of employment for about four months, the firm with whom he was engaged procured his return to his former employment at the same wages, which they have regularly paid him ever since; and one of the members of the firm says they employed him because he was better qualified for the place than any one else he could employ.    It is true, the testimony shows they have furnished him with a stronger man to assist in heavy work since than before the injury.    But we can hardly believe that he is injured mentally, when his employers find him still, from his experience, more skillful than others whom they could employ to fill the place.

As to the extent and permanency of the injury the physicians disagree.    Appellee's seem to regard it serious, and think it probable that it will be permanent in its character, while Dr. Rea, called by appellants, thinks he will recover; and the

time of his recovery depends to some extent on the termination of this suit. From the medical testimony, and the apparent slight nature of the injury when it occurred, it would be difficult for any one, we think, to say that it is permanent. It is true, no one can determine with absolute certainty what the result of such an injury might be; but something more than mere conjecture, mere probabilities, should appear to warrant the giving of damages for future disabilities that may never be realized. Even appellee's physicians say he will probably continue to improve, but think he will never be fully recovered. He, it seems, recovered to a great extent in the first four months, so much as to be able to resume his usual occupation, at his former compensation.

Even if a permanent injury has been sustained, it does not seem to be of that serious nature which disqualifies appellee for business, and that disqualifies him from earning a livelihood. And in view of that, and other facts, we can not but regard this verdict as grossly excessive. Had this been a suit between individuals, we presume such a verdict would strike every one as being excessive We remember no case, or to have seen any reported, where a natural person was alone a defendant, where, for like injuries, so large a verdict was rendered. And the law does not know, and can not know, any difference in litigation, whether natural or artificial persons are parties. In the courts of justice, this class of corporations are entitled to the same measure of justice, and must be held to the same liability for wrong as individuals. If the acts of their agents are wanton, willful, or reckless of the personal rights of individuals while such employees are in the discharge of their duties, the company may be required to respond in damages to the same extent as individuals; but to no greater extent than would individuals for similar acts. The company are required to employ competent, faithful, and proper agents. If they fail in this requirement they must suffer for the neglect.

In this case, evidence was received of the pecuniary ability of the company for the purpose of enhancing the damages in case of a recovery. This was wrong; Moran was a defendant,

10—62D ILL.

and would be liable, individually, for any judgment that might be recovered. Then to have the judgment largely enhanced because his co-defendant was worth a million of money, would operate as great injustice if not oppression to him. This evidence, no doubt, contributed largely to this verdict, as we can not for a moment believe that had the suit been against Moran alone, it would have been more hundreds than it is thousands, if even so much. The introduction of that evidence must have operated greatly to the prejudice of Moran.

For the excessive finding of the jury, the judgment of the court below must be reversed. But, whether appellant Moran was justified in ejecting appellee from the car, or if not, whether there is ground for allowing punitive damages, we express no opinion, as those questions are for the consideration of another jury. The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*