## James A. Elward, Appellee, v. Illinois Central Railroad Company, Appellant.

1. DAMAGES, § 207*—*when instruction misleading.* In an action for personal injuries, an instruction relating to assessment of damages which closes with a statement to the effect that it is not necessary for any witness to express an opinion as to the amount of damages claimed in the declaration, *held* misleading and erroneous.

2. DAMAGES, § 42*—*when expert evidence as to effect of injury improper.* In an action for personal injuries, opinions of medical experts as to the effect of injury on plaintiff's life, *held* improper under the circumstances of the case.

3. DAMAGES, § 42*—*consequential damages.* Consequences which are contingent, speculative or merely possible are not proper to be considered in ascertaining damages. To entitle plaintiff to recover present damages for apprehended future consequences there must be such a degree of probability of their occurring as amounts to a reasonable certainty.

4. EVIDENCE, § 444*—*when opinion of medical expert incompetent.* Expert evidence which is a result of personal examination made during the trial, based in part upon subjective symptoms, is incompetent.

Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed April 18, 1913. Rehearing denied October 16, 1913.

LEMON & LEMON, for appellant; JOHN G. DRENNAN, of counsel.

HERRICK & HERRICK and EDWARD J. SWEENEY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This suit was begun by appellee against the appellant Company in the Circuit Court of DeWitt county, to recover damages for injuries alleged to have been sustained by appellee by reason of the breaking in two of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

a freight train on appellant's road, while the train was running down grade, and when the rear part of the train caught up with and ran into the front portion thereof, appellee, who was in the caboose, was thrown from his seat and injured.

This cause was before us once heretofore (*Elward v. Illinois Cent. R. Co.*, 161 Ill. App. 630), where it was found error had intervened, as disclosed by the opinion filed in that cause, and the judgment was reversed and the cause remanded for another trial. Upon the second trial in the Circuit Court the jury found the issues for the appellee and rendered a judgment for twelve thousand dollars, and the court entered judgment on the verdict for that sum, after overruling motions for new trial and in arrest of the judgment, and the cause is brought before us again by a further appeal.

A careful examination of the record presented for our inspection upon this appeal discloses the fact that on the trial of the cause the question of the extent and permanent character of the injury to appellee was the only matter for the jury, the liability of the appellant having been practically admitted.

The account of the accident and the various movements of the patient and his subsequent treatment were given at great length and with minute detail, and are, largely, unimportant to the determination of the cause. It is important, however, to learn the extent of the injury and it was important to have that presented to the jury according to the rules of practice in this State.

In addition to the evidence presented in this case bearing directly upon the accident and the circumstances surrounding it, we have before us the statements of twelve medical experts, about one-half of whom had treated the appellee at different times for the injury received in this accident, and the other half had personally examined appellee during the trial with a view to testifying in the case.

The chief controversy among the medical experts, as appears from the record, was whether the spinal cord or bony structure of the spinal column of appellee had been injured, and whether he still was suffering from the same. Upon this vital question the experts disagreed, the greater number, in our judgment, concluding that there was no injury to the vertebrae or spinal cord, while the remaining experts contended that there was a curvature of the spine and an injury to the spinal cord and that this created the condition in which appellee was found to be.

The expert evidence that was the result of a personal examination made during the trial was based, in part, upon subjective symptoms, and, therefore, was not competent evidence. *Elward v. Illinois Cent. R. Co.*, 161 Ill. App. 630; *Lauth v. Chicago Union Traction Co.*, 244 Ill. 244.

A portion of these medical experts gave their opinion, over the objection of appellant, as to the effect of this injury upon appellee's life, which we regard as being improper under the circumstances developed in this case. In the case of *Lauth v. Chicago Union Traction Co., supra,* at page 252 of the opinion, the Supreme Court said: "Consequences which are contingent, speculative or merely possible, are not proper to be considered in ascertaining the damages. It is not enough that the injuries received may have developed into a more serious condition than those which are visible at the time of the injury, nor, even that they are likely to develop. To entitle plaintiff to recover present damages for apprehended future consequences, there must be such a degree of probability of their occurring, as amounts to a reasonable certainty." See also *Chicago City Ry. Co. v. Henry,* 62 Ill. 142.

The following instruction is objected to by appellant as being erroneous and misleading:

"The court instructs the jury, that if you find for

the plaintiff, you will be required to determine the amount of his damages. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should take into consideration all the facts and circumstances as proven by the evidence before them, the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence to be the direct result of the injury; his suffering in mind and body, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe from the evidence before them in this case, he has sustained or will sustain by reason of such injuries; his loss of time and inability to work, if any, on account of such injuries; the necessary expense of medical care and attendance, if any is shown by the evidence on account of such injuries, if any, and you may find for him such sum as in the judgment of the jury under the evidence and instructions of the court in this case, will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damages and injury, if any, are claimed and alleged in the amended declaration or additional counts and proven; and it is not necessary for any witness to express an opinion as to the amount of such damages.''

The declaration alleges, among other things, that the appellee was damaged by reason of the injury complained of because he could not follow his usual employment and thereby earn a salary, and also was damaged in consequence of being compelled to lay out large sums of money for medical care and attendance in an effort to be cured of his injury. These two items constitute a material part of the damages sought to be recovered in this suit, and for the Court, in the closing part of the above quoted instruction, to announce as a proposition of law, that ''it is not necessary for any witness to express an opinion as to the amount

of such damages," is clearly misleading and erroneous.

It was incumbent upon the appellee to prove by evidence the amount of damages he had sustained by reason of these two items.

The evidence was very conflicting and close upon the question of whether there was or was not an injury to the spinal cord or bony structure of the spinal column; and the evidence as to the extent of the injury leaves the matter in serious doubt as to the permanent character of the injury complained of.

If, as contended by the medical experts above referred to, the spinal column was not injured, and from the whole evidence we are inclined to entertain that view, then, in that case, the damages as fixed by the judgment are excessive.

The conduct of counsel for appellee, in the closing argument of the cause, is justly complained of. Courts cannot indorse the action of attorneys which are calculated to inflame the minds of the jury, in cases so closely contested as to the extent of the injury and the amount of the damages, as in this case. And while we do not mention this as ground of reversible error, it certainly added to the cause of complaint.

For the reasons above indicated we are compelled to reverse the judgment of the trial court, and the judgment is reversed and the cause will be remanded.

*Reversed and remanded.*