HENRIETTA CROSS, Respondent, *v.* CITY OF SYRACUSE, Appellant.

**Negligence — evidence of future consequences from an injury — when opinion evidence admissible — comments by court upon conduct of witness.**

While evidence of future consequences from an injury to the person, which are contingent, speculative and merely possible, as the basis of ascertaining damages, is not admissible, this rule applies only to the development of diseased conditions apprehended in the future but not present at the time of the inquiry. Opinion evidence is properly receivable as to the probable effects or duration of an existing condition. (*Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 305, distinguished and explained.)

Comment by the court upon the conduct of a witness, when within reasonable bounds and appropriate to the character of the occurrence, cannot be regarded as a legal error reviewable in this court, although the Appellate Division, if the comments of the trial court have exceeded proper limits, may afford relief where it concludes that the appellant has been injured thereby.

*Cross* v. *City of Syracuse,* 129 App. Div. 935, affirmed.

(Argued December 7, 1910; decided January 10, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 22, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter W. Magee, Corporation Counsel (A. Lee Olmsted* of counsel), for appellant. The defendant's exceptions to the admission of expert testimony were well taken, and the improper admission of the evidence objected to was reversible error. (*Raynor* v. *M. S. R. Co.,* 106 App. Div. 449 ; *Mackey* v. *I. S. R. Co.,* 115 App. Div. 467 ; *Newton* v. *N. Y., N. H. & H. R. R. Co.,* 106 App. Div. 415 ; *Grace* v. *Fassett,* 67 App. Div. 443 ; *Boland* v. *N. Y. C. R. Co.,* 48 Misc. Rep. 523 ; *Huba* v. *Schenectady Ry. Co.,* 85 App. Div. 199 ; *Higgins* v. *U. T. Co.,* 96 App. Div. 69 ; *Pool* v. *N. Y. C. Ry. Co.,* 49 Misc. Rep. 628 ; *Bellemar* v. *T. A. R. Co.,* 46 App. Div. 557 ; *Streng* v. *Ibert Brewing Co.,* 50 App. Div. 542.) The exceptions to the charge of the court were well taken. (*Quinlivan* v. *B., R. & P. Ry. Co.,* 52 App. Div. 1 ; *Hogan* v. *Central Park, N. & E. R. R. Co.,* 124 N. Y. 647 ; *Davis* v. *Marvine,* 11 App. Div. 440 ; *Davidson* v. *Herring,* 24 App. Div. 402 ; *People* v. *Hill,* 37 App. Div. 327 ; *Lorch* v. *Lorch,* 63 N. Y. Supp. 567 ; *Broadway Trust Co.* v. *Fry,* 40 Misc. Rep. 680.)

*Howard V. Rulison* and *Edward W. Cregg* for respondent. The defendant's exceptions to the admission of expert

testimony were not well taken and the evidence was properly admitted. (*Tracey* v. *Met. St. R. R. Co.*, 49 App. Div. 197; 168 N. Y. 653; *Turner* v. *City of Newburgh*, 109 N. Y. 301; *Wallace* v. *Vacuum Oil Co.*, 128 N. Y. 579; *Huba* v. *Schenectady Ry. Co.*, 85 App. Div. 203; *Strohm* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 325.)

WILLARD BARTLETT, J.   This is an action to recover damages for personal injuries sustained by the plaintiff by falling upon a board sidewalk in the city of Syracuse. The only questions presented by the appeal relate to rulings as to the admission of evidence and to an alleged error in the charge.

The testimony of the plaintiff herself tended to show that she had suffered a constant pain in her left side as a result of the accident which had disabled her from work to a considerable extent.   The accident occurred on March 2, 1907.   A physician who was called as a witness in her behalf testified that he performed an operation upon her for fixation of the kidney and removal of the right ovary in August, 1906, but she fully recovered from the operation and the last time he saw her before the accident her health was normal.   The examination of the witness proceeded as follows:

" Q. Assuming Miss Cross had not had any pain in her left side previous to the time of this accident and that on March 2d she was walking north on Butternut Street and stepped into a hole with her left foot and fell on her left side, and that she was black and blue on the left side, her hip, side and shoulder were black and blue, and that since that time she experienced severe pain in that left side, are you able to state with reasonable certainty in the ordinary course of nature, how long those severe pains will continue in her left side?

" Mr. Magee — We object to it as incompetent and improper, and no sufficient foundation laid for the same.

" The Court — Objection overruled.

" Mr. Magee — Exception.

By Mr. F. J. Cregg:

"Q. First answer that whether you can answer that with reasonable certainty.

"A. I can hardly answer that question that way; I would say yes, however."

It is insisted in behalf of the appellant that the trial court erred in permitting this testimony to be given because there was no proof that the opinion of the witness was based upon a reasonable certainty. I quote from the appellant's brief: "It is elementary that the proper question in a case of this character to ask a medical expert is, whether he is able to testify with reasonable certainty, upon the subject. If such a question is answered in the negative, the expert should not be permitted to testify further on that subject. If the answer is in the affirmative, he is permitted to testify, if the question is material, proper, based upon the evidence in the case, and is a proper subject of expert testimony."

This proposition is based upon a misapprehension which appears to be quite general in the profession as to what was decided by this court in the case of *Strohm* v. *N. Y., L. E. & W. R. R. Co.* (96 N. Y. 305). For convenience I will call the rule which was laid down in that case the reasonable certainty rule. The prevalent mistake in regard to that decision is the supposition that it forbade the introduction of any opinion evidence as to the probable consequences of an existing condition due to injury unless the opinion could be pronounced with reasonable certainty. The *Strohm* case in fact laid down no such rule. The evidence there held to be inadmissible because it was too speculative had relation to the possibility that diseases might develop in the plaintiff which had not developed at the time of the trial. A medical witness had been permitted to testify that a person who had sustained such injuries as the plaintiff complained of and who exhibited such symptoms might develop " traumatic insanity or meningitis or progressive dementia or epilepsy with its results." This court held that the inquiry was too speculative, and that to entitle the plaintiff to recover present dam-

ages for apprehended future consequences there must be such a degree of probability of their occurrence as amounts to a reasonable certainty that they will result from the original injury.   The reasonable certainty rule, therefore, laid down in the *Strohm* case applies only to the development of diseased conditions apprehended in the future but not present at the time of the inquiry.   There is no intimation in that case that opinion evidence is not properly receivable as to the probable effects or duration of an existing condition.   There are many subsequent cases which show that this court did not intend to hold that expert testimony was inadmissible as to the consequences likely to flow from the present condition of an injured person.   (*Turner* v. *City of Newburgh*, 109 N. Y. 301, 309 ; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 N. Y. 61 ; *McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459 ; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77 ; *Walden* v. *City of Jamestown*, 178 N. Y. 213, 218.)   In the *Turner* case Judge GRAY said that the rule established in the case of *Strohm* v. *N. Y., L. E. & W. R. R. Co. (supra)* " simply precludes the giving of evidence of future consequences which are contingent, speculative and merely possible, as the basis of ascertaining damages," and that it in nowise conflicted with the rule allowing evidence of physicians as to a plaintiff's present condition of bodily suffering or injuries, of their permanence and as to their cause.   In the *Griswold* case the questions objected to, like the question in the case at bar, related to the permanence of the injuries and the inquiry was held to be proper and competent.   " There is an obvious difference," said Judge FINCH, " between an opinion as to the permanence of a disease or injury already existing, capable of being examined and studied, and one as to the merely possible outbreak of new diseases or sufferings having their cause in the original injury." (p. 64.)   The *McClain* case, decided by the Second Division of the Court of Appeals, was to the same effect.   There Judge BRADLEY expressly declared that the *Strohm* case was not in conflict with the earlier ones holding that evidence of the probable results of an injury was com-

petent.  This view was reiterated by the Second Division, speaking through Judge HAIGHT in the *Alberti* case, where a witness was permitted to state what in his opinion would be the result of the disease from which the plaintiff was then suffering in the natural and ordinary course of things.  In *Walden* v. *City of Jamestown* (*supra*) the plaintiff's family physician was allowed to give evidence as to the possible permanency of an injury to the spine which had developed a well-marked case of spinal irritation and concussion.  This court held that no reversible error was committed in the admission of this evidence and expressly approved the discussion of the subject in the opinion of the Appellate Division, which emphasized the distinction between opinion evidence as to the permanence of a disease or injury already existing and such evidence as to the merely possible outbreak of new diseases or sufferings.   (79 App. Div. 433.)

I may add that while a member of the Appellate Division in the second department, I had occasion to call attention to this distinction in *Clegg* v. *Metropolitan Street Ry. Co.* (1 App. Div. 207), a case which was tried at the Queens County Circuit before the present chief judge of this court. He had permitted testimony to be given by a medical expert as to whether the plaintiff was " likely to recover," and it was insisted upon the appeal that the admission of this evidence violated the rule laid down in the *Strohm* case.   The Appellate Division unanimously affirmed the judgment, observing the distinction which, as I have endeavored to point out, has always been maintained by this court between opinion evidence as to the probable effect of existing conditions and such evidence as to conditions which as yet are non-existent but merely apprehended in the future.

It follows that no error was committed by the trial court in the case at bar in receiving the evidence to which the criticism of the appellant is directed.

Another physician who had performed several operations upon the plaintiff prior to the accident was called as a witness for the defendant and testified over the objection and excep-

tion of the plaintiff to the character and effect of these opera-
tions. The learned trial judge referred to the testimony of
this witness in his charge to the jury as follows:

" It is for you to say from this evidence what the extent of
damages was that were brought about by this accident, and in
doing that, as I say, eliminate all question of feeling as to
this physician; it is very easy to see how a physician may
be brought into court. This to some extent has been public
property. Perhaps there ought to be said a word of defence
of this young physician; that there is nothing he has done
here he should be too severely criticised for, although we
appreciate the fact that the members of the bar and of the
medical profession are privileged from divulging what occurs
between them and their clients or patients, and yet the allega-
tion of the plaintiff's complaint in this case, which was drawn
some time in August last, expressly calls attention to the fact
that this woman had suffered an injury to the ovary and
uterus, I believe, and perhaps the discussion of these mat-
ters, the condition of those things arising out of this case and
the unfortunate condition of this lady in previous years might
have thrown this young physician off his guard inadvertently
and he was willing to disclose what occurred at the hospital.
We can say with the utmost confidence that the medical pro-
fession is an honorable profession, and it is very seldom that
any of them do anything that can be criticised. And I cannot
as presiding at this court permit that to pass. I want to say that
there are many extenuating circumstances perhaps why this
young physician stated to the representative of the city the
condition of things which he discovered there. So that it is
well for us to use charity in viewing the acts of all the parties
connected with this case. Feeling here seems to run high."

Counsel for the defendant excepted to these remarks, say-
ing that inasmuch as the witness had the absolute right to
give the fact and truth and the city had the absolute right to
elicit the fact and truth from him he needed no charity and
his testimony was not open to criticism. The court responded
that the witness was criticised rather sharply by the plaintiff's

attorney because he had not availed himself of his privilege; and suggested that the remarks in the charge were made in consequence of that fact. It does not seem to me that the exception to what the trial judge said in this respect is available here as a ground for reversing the judgment. It may often happen in the course of a trial that some occurrence will warrant comment by the court on the conduct of a witness — perhaps by way of censure and perhaps by way of commendation. Such comment when within reasonable bounds and appropriate to the character of the occurrence can hardly be regarded as a legal error which is the foundation of an exception. It is almost always a matter of discretion with which this court cannot interfere, although the Appellate Division, if the comments of the trial court have exceeded proper limits, may afford relief where it concludes that the appellant has been injured thereby.

I think that no error has been brought to our attention by counsel for the appellant, and I advise an affirmance of this judgment, with costs.

CULLEN, Ch. J., HAIGHT, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment affirmed.