## MORAN v. DAKE DRUG CO.

(Supreme Court, Trial Term, Monroe County. April, 1912.)

1. POISONS (§ 6*)—INJURY—NEGLIGENCE—JURY QUESTION.

In an action against a drug company to recover for poisoning through the mistake of a clerk in selling and delivering to the plaintiff bichloride of mercury tablets, the question of the defendant's negligence was for the jury, though the plaintiff's statement that he called for triple bromide tablets was disputed by the clerk.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. §§ 3, 4; Dec. Dig. § 6.*]

2. POISONS (§ 6*)—INJURIES—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

In an action for injuries from poisoning by drugs sold to the plaintiff by mistake, it is for the jury to determine whether he acted with reasonable prudence and without contributory negligence, although he did not read the writing upon the package delivered to him.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. §§ 3, 4; Dec. Dig. § 6.*]

3. EVIDENCE (§ 528*)—OPINION EVIDENCE—EXPERT TESTIMONY—ADMISSIBILITY.

Where, in an action for injuries from poisoning, the fact that the plaintiff had been injured by taking a bichloride of mercury tablet had been sufficiently established, the opinion of medical experts on the future effects of such poison, when based upon facts already established, was competent evidence to show the effect and probable duration of the injuries.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2335–2337; Dec. Dig. § 528.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. EVIDENCE (§ 554*)—OPINION EVIDENCE—EXPERT TESTIMONY—COMPETENCY.**

In an action for injuries from being poisoned, expert testimony that the ulcer formed in plaintiff's stomach was "apt" and "liable" or "likely" to reopen, instead of that such condition was "probable," was not incompetent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2375; Dec. Dig. § 554.*]

**5. DAMAGES (§ 132*)—EXCESSIVE RECOVERY—POISONING.**

Three thousand dollars was not an excessive award for being poisoned and having the lining of the stomach eaten, and probably permanently injured, though the reviewing court might not have awarded the same amount.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 178, 372–385, 396; Dec. Dig. § 132.*]

Action by Frank Moran against the Dake Drug Company. The verdict for the plaintiff, and defendant moves for a new trial. Motion denied.

See, also, 133 N. Y. Supp. 1133.

Hugh J. Maguire (Edward C. Edelman, of counsel), for plaintiff. Reed & Shutt, for defendant.

CLARK, J. In this case the plaintiff contended that he went to defendant's drug store in the city of Rochester to get a headache remedy, and called for triple bromide tablets. A clerk in the employ of defendant waited on plaintiff and delivered to him certain tablets in a box, which plaintiff paid for. He noticed the clerk writing on the box, but did not read it at the time. Subsequently plaintiff took one of these tablets, and shortly thereafter felt sick, and, upon going into another drug store, it was discovered that defendant's clerk had sold and delivered to plaintiff bichloride of mercury tablets, instead of triple bromide tablets, which plaintiff claims he called for.

Defendant's contention was that, while it sold and delivered to plaintiff the bichloride of mercury tablets, they were what plaintiff had called for, and that consequently he received the kind of tablets he asked for.

After taking the tablet and being ill, a physician was summoned, and plaintiff was rushed to a hospital, where a stomach pump was used and the poisonous substance was removed, but plaintiff was sick for a considerable time, and brought this action to recover damages against defendant for its negligence in selling him a poison which was not marked as such when he had called for a simple headache remedy. Plaintiff was awarded a verdict of $3,000, and defendant asks for a new trial, alleging that no negligence on the part of defendant was shown by a fair preponderance of the evidence, also that plaintiff's contributory negligence was established, and the matter should have been disposed of as a matter of law, and that medical experts on behalf of plaintiff improperly testified with reference to the permanence of his injuries.

[1, 2] I think the questions of defendant's negligence and plaintiffs' freedom from negligence were for the jury. Even though plaintiff was alone in his statement that he called for triple bromide tab-

lets and was disputed by defendant's clerk, still it was for the jury to say which one of these witnesses was entitled to credit. As to plaintiff's negligence, that was equally for the jury, for I suspect that the time has not yet come when if a man calls for a particular remedy at a drug store, and he fails to read any writing the clerk may put on the package, that it can be said as a matter of law that by such a failure the plaintiff is guilty of contributory negligence. All he was obliged to do was to act and do what a reasonably prudent man should do under similar circumstances, and whether or not plaintiff in this case did act as a reasonably prudent person under the circumstances, was for the jury.

[3] I do not think any serious error was committed in permitting the testimony given by plaintiff's expert witnesses as to the permanence of the injuries to stand. Assuming that plaintiff's theory was the correct one, and that he was free from negligence, and that defendant was negligent as the jury found, plaintiff having unquestionably been made ill by taking the poisonous tablet which had been delivered to him by defendant's clerk, there must be some way whereby a party thus injured can establish his damages, and I do not know of any better way to do it in a case of this character than by permitting medical experts to give their opinion as to future effects of such poison, when such testimony is based upon facts which have been established in the case.

The hypothetical question asked of the medical experts on behalf of plaintiff seems to have been prepared with much care and covered substantially all the matters which had been testified to during the trial, and I think no substantial right of defendant's was violated when these witnesses were permitted to answer that question. The fact that plaintiff's stomach had been injured by taking the bichloride tablet had been sufficiently established, and, that being so, it seems that it was quite proper to receive evidence as to the effect and probable duration of the injuries. Cross v. City of Syracuse, 200 N. Y. 393, 94 N. E. 184, 21 Ann. Cas. 324, and cases cited.

[4] The fact that the witnesses said the ulcer formed in plaintiff's stomach was "apt" to reopen, and that the scar was "liable" or "likely" at any time to become an open sore, instead of stating that such a condition was "probable," I regard as of no importance whatever. Courts have been much criticised because of a seemingly too zealous effort to observe technical rules instead of getting at the real merits and justice of a controversy, and this seems to be a good case in which to adopt the theory that it makes no real difference whether the witnesses said that the plaintiff's ulcer was "likely" to reopen, or was "apt" to reopen, or that it "probably" would reopen. It is not wise that in our zeal to stand up for technical rules we carry it so far as to go over backwards, and deny justice to parties seeking to recover for wrongs claimed to have been suffered, and in permitting the testimony of plaintiff's medical experts to stand after they had answered a carefully prepared hypothetical question no serious error was committed.

[5] Defendant urges that the verdict in this case was grossly excessive. If defendant sold plaintiff an unlabeled poison when he

called for a simple headache remedy in common use, and if by taking that poison the lining of his stomach was eaten and injured in a way so that it could be said the injuries were likely to be permanent in their character, I do not think the amount of damages awarded by the jury should be tampered with, even though the court might have arrived at a different conclusion upon the same evidence.

There was certainly sufficient evidence to support the finding that defendant was negligent and that plaintiff was free from negligence, and that plaintiff had been injured by taking a poisonous tablet defendant had sold him, and I can see no error in the reception of evidence which would justify the setting aside of this verdict.

Motion for a new trial is therefore denied, and an order may be entered accordingly.