## MONTGOMERY v. BALTIMORE & O. R. CO.

Circuit Court of Appeals, Sixth Circuit. November 15, 1927.

### No. 4825.

**1. Master and servant ⊂⊃145—Precautions required by rules of railroad company are for protection of employees as well as public.**

A provision in the rules of a railroad company that "the bell will be rung when an engine is about to move" is as much for the protection of employees on or about the engine as for persons on the track.

**2. Master and servant ⊂⊃145—Railroad's rules furnish competent evidence as against itself of proper standard of care.**

Rules of railroad company furnish competent evidence as against itself of a proper standard of care.

**3. Master and servant ⊂⊃204(3)—Railroad employee does not assume unknown and unanticipated negligence of fellow servant (Employers' Liability Act [45 USCA §§ 51–59]).**

Railroad employee, within Employers' Liability Act (45 USCA §§ 51–59 [Comp. St. §§ 8657–8665]), does not assume risks arising from noncustomary, unknown, and not to be anticipated negligence of fellow servant.

**4. Master and servant ⊂⊃286(30)—Engineer's negligence in starting engine without warning, causing injury to fireman, held for jury (Employers' Liability Act [45 USCA §§ 51–59]).**

Whether the act of an engineer in starting his engine without warning, which caused or contributed to injury to the fireman, was negligent, *held* a question for the jury in action for injuries under the federal Employers' Liability Act (45 USCA §§ 51–59 [Comp. St. §§ 8657–8665]).

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Clinton J. Montgomery against the Baltimore & Ohio Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed.

Benjamin F. Levin, of Cleveland, Ohio, and D. F. Anderson, of Youngstown, Ohio (Louis H. Winch, of Cleveland, Ohio, on the brief), for plaintiff in error.

W. T. Kinder, of Cleveland, Ohio (Tolles, Hogsett & Ginn and Thos. O. Nevison, all of Cleveland, Ohio, on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and RAYMOND, District Judge.

DENISON, Circuit Judge. The plaintiff was a locomotive fireman, who was hurt in the course of his employment, and brought this suit. Jurisdiction is claimed under the Employers' Liability Act, 45 USCA §§ 51–59 [Comp. St. §§ 8657–8665]), and is not disputed. When the tender was to be filled with coal, its front towards the engine was closed by two doors, which, when open, swung inwardly against the sides of the tender and were there fastened. After the fireman had taken from the shovel sheet the coal which would naturally fall thereon, he might find it necessary to open these doors and knock down more coal in position for shoveling to the furnace. When enough coal was removed, he would open the doors and fasten them back. On this occasion, according to his testimony, he had opened the doors to knock down some coal that had lodged so it would not fall on the shovel sheet, and he had not fastened them back, because not enough coal had been removed from behind them to permit them to be fully opened. While he was thus engaged, and was so located that he and the engineer could not see each other, the engine started with a jar, which swung the doors together, catching and injuring his hand and arm. The trial court directed a verdict for defendant, on the grounds that the proximate cause of the injury was plaintiff's own negligence in leaving the doors unfastened, and that he assumed the risk arising from the situation.

The substantial complaint as to negligence is that the engine was started without warning. This act either was or was not negligent. If it was, we are clear that plaintiff's conduct in leaving the gates open, if

negligence on his part, was only contributory, and cannot be said to be the sole proximate cause of the injury. The starting of the engine, which caused the doors to swing, as they otherwise would not, and the unfastened condition of the doors, which permitted them to swing, as they otherwise would not, seem to us to be concurring causes of the injury. [1] We think there was substantial basis from which the jury might infer that the starting of the engine without any warning was an act of negligence as against plaintiff. Rule 30 of the operating department is as follows: "The bell will be rung when an engine is about to move; while moving through tunnels; on the streets of towns and cities; approaching and passing public road crossings at grade, stations and trains on adjacent tracks."

[2] We think the natural interpretation of this rule is that it was intended as well for the protection of employees on and about the engine as for the protection of persons upon the track. We find nothing in the accompanying rules, or otherwise in the context, to indicate any other construction. It is obvious that a starting of the engine without warning might find a fireman or a brakeman upon the engine or tender in a position where merely an ordinary and careful starting movement might cause him to fall or be otherwise hurt, and it would require clear proof of established custom to justify treating this rule as not intended for the benefit of employees on the engine or tender. Such a safety rule is, as against the defendant, substantial evidence that reasonable care requires the precaution which the rule directs; " * * * its own rules furnishing competent evidence, as against itself, of a proper standard of care." Taft, Circuit Judge (now Chief Justice), in B. & O. Ry. v. Camp (C. C. A. 6) 65 F. 952, 960. And see Baldwin on Personal Injuries, § 358, p. 428.

[3] If the starting of the engine without the bell was not negligent, there was no case. If it was, we cannot say that plaintiff assumed the risk. His contract of assumption does not reach risks arising from the noncustomary, unknown, and not to be anticipated negligence of a fellow servant. Chesapeake Co. v. Proffit, 241 U. S. 462, 468, 36 S. Ct. 620, 60 L. Ed. 1102; Chicago Co. v. Ward, 252 U. S. 18, 21, 40 S. Ct. 275, 64 L. Ed. 430; Cincinnati Co. v. Thompson (6 C. C. A.) 236 F. 1, 6.

[4] Whether plaintiff's conduct in leaving the gates open be challenged as negligent or as carrying an assumption of the resulting risk, it would be invoking too extreme a standard of that careful conduct, which can be enforced as a matter of law, to say that plaintiff must carry the whole responsibility. He seemingly might have left the gates shut, and have climbed up on them, or otherwise reached the coal that was lodged, and knocked it down; but the opening of the doors to get at the coal in an easier way involved no risk while the engine was standing still, and little or no risk if the fireman was to be warned before the engine moved. The danger and the risk came from the movement. which plaintiff was not, as a matter of law, bound to anticipate.

It follows that the plaintiff was entitled to go to the jury upon the issues involved, and the judgment must be reversed.