## AARONS v LEVY BROS & ADLER ROCHESTER, INC

Ohio Appeals, 4th Dist, Ross Co

Decided Jan 11, 1933

John P. Phillips, Jr., Chillicothe, for plaintiff in error.

Willard C. Walter, Chillicothe, for defendant in error.

MAUCK, PJ.

The errors complained of run to the instructions to the jury. The first of these relates to the manner in which the question at issue was submitted. It is apparent that the sole issue in the case was whether the plaintiff had sold and delivered the merchandise in question or whether it had consigned the same to the defendant, who was to sell and account for the proceeds. The defendant had in the presence of the jury admitted an indebtedness of $391.26 and offered to confess judgment for that amount. In the instructions to the jury it appears that the jury was given but two forms of verdict with this direction: "If you find for the plaintiff you will insert in that verdict the amount you find due and owing to the plaintiff from the defendant, and if you find for the defendant you will simply sign that verdict."

It appears, therefore, that the jury was required to find a verdict for the defendant in case it believed the defendant's story. Inasmuch as the defendant had admitted before the jury that he owed $391.26, it is difficult to see how the jury could have been expected to have returned a straight verdict for the defendant. As the jury could not have found a verdict for the defendant, it must have felt driven to have found one for the plaintiff. The jury should have been instructed to have found a verdict for the plaintiff for the amount sued for if it found in · favor of the plaintiff, and for the amount which the defendant offered to confess judgment in case its finding was for the defendant.

The next complaint of the instructions relates to what was said with regard to the quantum of proof. The court properly advised the jury that by a preponderance of the evidence is meant the greater weight of the evidence. The court then said that a preponderance of the evidence "may be said to be that degree of proof which leads your minds to a conclusion and convinces your understanding."

This was erroneous. In an ordinary civil case the jury is not required to be satisfied or convinced. There is a degree of proof known as "convincing" or "clear and convincing" midway between the degree of proof known as "the greater weight of the evidence" and the other degree known as "beyond a reasonable doubt." The greater weight of the evidence is established by the probabilities of the case, and the language last quoted was accordingly erroneous.

While this instruction was manifestly erroneous, it would not of itself justify a reversal. The burden of proof in this case was on the plaintiff, and, if the instructions as to the burden of proof had been correct the only effect of this instruction would have been to improperly add to the plaintiff's burden, and the defendant could not complain of this error.

The error just pointed out becomes available to the defendant only because of the greater error of the court in placing upon the defendant some part of the burden of proof in this case. The jury was directed that the plaintiff must prove its case by a preponderance of the evidence and that the sale of goods and merchandise must be proved as alleged in the petition. This was correct. The court added, however: "The defendant must also prove his claim, that is, the existence of a consignment agreement. He must prove that and what he claims by a preponderance of the evidence."

The court was misled by the amendment to the defendant's answer. That amendment in no way affected the issues in the case, and was wholly unnecessary. The one question in the case was whether the goods in question had been sold to the defendant. The defendant was required to prove nothing. Upon this, the sole issue in the case, he was only required to produce evidence equal in value to that of the plaintiff.

The only authority relied upon to sustain the theory that some part of the burden of proof might be cast on the defendant is Sanns v Neal, 52 Oh St 56, 38 NE 881. It is difficult to find in the books a more unsatisfactory opinion than that cited. An examination of Shepard's Citations shows that this opinion has never been referred to without being distinguished. It has never

been followed in a single case. The latter case upon facts entirely analogous to the case at bar, **Dykeman v Johnson, 83 Oh St 126, 93 NE 626,** clearly holds that the legal effect of the amendment to the answer in this case is to deny the cause of action asserted by the plaintiff, and that it does not impose any burden of proof upon the defendant. We do not deem it worth while to draw any further distinction from the Sanns case, as that was satisfactorily done in the Dykeman case.

Taking the two erroneous instructions together, we find that the defendant in this case was erroneously required by these instructions to convince the understanding of the jury that the goods were consigned to him for sale only. This was manifestly erroneous and manifestly prejudicial.

The judgment is accordingly reversed, and the case remanded for a new trial.

MIDDLETON and BLOSSER, JJ, concur.