## PERRONE v. PENNSYLVANIA R. CO.
### No. 296.

Circuit Court of Appeals, Second Circuit.

May 1, 1944.

See, also, 3 F.R.D. 280.

Joseph A. McLaughlin, of New York City (Vine H. Smith and Harry S. Austin, both of New York City, of counsel), for plaintiff-appellee.

Alfred W. Andrews, of New York City (Samuel E. Swiggett and William L. Shumate, both of New York City, of counsel), for defendant-appellant.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. This case was here on a previous appeal where we reversed a judgment, entered at the close of the testimony, dismissing the complaint on the erroneous ground that the evidence was insufficient to go to the jury. Perrone v. Pennsylvania R. Co., 2 Cir., 136 F.2d 941. So similar are the records on the two appeals that, with one exception noted below, we need not discuss the evidence or the questions raised by defendant here which are virtual-

ly identical with those considered in our previous opinion. To be sure, that opinion, constituting the "law of the case," is not binding upon us, and we would be free to disregard it if, upon reconsideration, we felt that our previous conclusions were substantially wrong.[1] But, having read the briefs and the record here, we see no reason not to abide by our prior decision.

2. The following question, however, was not before us when we rendered that decision. On the first day of the trial, Brennan, a witness called by the plaintiff, testified that he had been working with plaintiff before and at the time of the accident. On direct examination, the following questions and answers were given:

"Q. When you saw men working on planks extending from the ladder over to the catenary wire during the two or three weeks prior to the accident do you know from your knowledge whether the current was on or off? A. I knew it was off.

"Q. From the fact that the plank rested on the catenary wire and thence over to the top of the ladder and men working on it you say you knew from that fact that the current was off? A. Yes, yes, because we would slide over on the plank to get to the different holes.

"Q. Did you know from the fact that the men were on the planks that extended from the catenary wire to the top of the ladder, did you know from that fact alone that the current was off? A. No. Personally I wasn't told about the juice being off."

On the second day of the trial, on cross-examination of Brennan, the following questions, answers and colloquies occurred:

"Q. Now, on the morning of this accident did you know whether or not the electricity was on the wire over track 18? Did you know whether it was on or off? A. I really didn't know.

"Q. Now, did you ever tell anyone that you knew it was on? A. No, sir.

"Q. You never made that statement to anyone? A. No, sir.

"Q. You never said that in writing or orally? A. No, sir.

"Q. Did you ever say to anyone that, 'The power was on at the time and we knew that because the train was in and no grounds were up?'

"Mr. Austin: Just a minute. I object to the question in that form, what we knew. No objection to what the witness himself knew.

"The Court: He is asking if he said that. You can ask him did he say that to anyone. That is the question, is it not?

"Mr. Swiggett: Yes.

"The Witness: No, sir.

"Q. Now, Mr. Brennan, I will hand you this paper and I will ask you to tell me whether or not that is your signature appearing thereon. A. Yes, sir.

"Q. And does your signature appear at the bottom of those pages? A. Yes, sir.

"Mr. Swiggett: May I have that paper marked for identification, your Honor? (Marked Defendant's Exhibit A for Identification.)

"Mr. Swiggett: That is all. (Witness excused.)"

The exhibit was not then offered in evidence and plaintiff's counsel did not then see it. On the third day of the trial, when Brennan was no longer present and just before the last witness was called, defendant offered it. It consisted of a portion of a statement signed by the witness a week after plaintiff filed his complaint, a statement apparently obtained at the instance of defendant. It contained the following sentences which defendant asserts would have impeached Brennan's veracity: "The power was on at the time. We knew that because the train was in, and no grounds were up."

The trial judge sustained an objection to the reception of this exhibit. No harm would have been done by its admission. But we think that the judge's ruling was within his discretion for the following reasons, taken collectively: (a) On direct examination, Brennan had not said that he knew that the current was off at the time of the accident; on cross-examination, he said that he did not know whether it was on or off that morning; his knowledge of whether it was on or off

[1] Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152; Riehle v. Margolies, 279 U.S. 218, 220 et seq., 49 S.Ct. 310, 73 L.Ed. 669; Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878, 8 A.L.R. 1023; Hammond-Knowlton v. United States, 2 Cir., 121 F.2d 192, 205.

could have had only a remote bearing on the issue of plaintiff's knowledge. (b) Plaintiff objected to the question asked Brennan on cross-examination as a foundation for impeachment on the ground that it related not only to Brennan's knowledge but also to plaintiff's; Brennan's answer to that question, if it had been yes, would not have been independently admissible. (c) The exhibit was offered near the close of the trial when Brennan was no longer in court available for further questioning and when to recall him might have necessitated adjourning the trial to a succeeding day.

Moreover, even if the exclusion was error, it was error of the most harmless kind; for the evidence went to show that the statement—"We knew that because the train was in, and no grounds were up"—was highly incredible and would have been regarded by any juryman not completely moronic as something elicited under confusing pressure exerted by an overly zealous investigator. Judge CLARK believes that the evidence was offered strictly in accordance with the state practice, Romertze v. East River National Bank, 49 N.Y. 577, and hence should have been admitted under Federal Rules of Civil Procedure, rule 43(a), 28 U.S.C.A. following section 723c; but he concurs in thinking the error harmless in view of both the collateral and the unconvincing character of the evidence.

3. We see no merit in defendant's contention that the evidence of plaintiff's damages was insufficient to sustain the judgment.

Affirmed.