### DUNDOM v. NEW YORK CENT. R. CO.
#### No. 120.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1944.

712

Anthony Sansone, of Mamaroneck, N. Y. (Alfred T. Rowe, of New York City, on the brief), for plaintiff-appellant.

C. Austin White, of New York City (Frank J. Mahony, of Peekskill, N. Y., on the brief), for defendant-appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

The accident causing the personal injuries for which plaintiff brought suit below under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, occurred while he was working at night as a brakeman on yard switching operations for defendant at Weehawken, New Jersey. The engine was switching three baggage cars, and plaintiff was on the rear car. When the engine was stopped by a block signal he got down from the stirrup on the car and stood at its right side between two tracks. His testimony is that after about five minutes' delay the engine started, presumably when the block signal turned so to permit, but without any signal to him or ringing of its bell; he clutched the grab iron, got both feet in the stirrup, and was brushed off by hitting a car on the adjoining track before his car had moved more than ten feet. Trial to the jury resulted in a verdict and judgment for defendant. On his appeal he assigns as the only error the action of the trial court in excluding defendant's Rule 30, reading as follows: "The engine bell must be rung when an engine is about to move

and while approaching and passing public crossings at grade or in an emergency."

Plaintiff offered this rule in evidence on several different occasions during the brief trial, but the trial court held it inapplicable in the situation presented and refused to admit it. Apparently the court's view was that the rule could not apply where train operations were controlled by a block signal system. There is, however, nothing in the language of the rule itself to point to such a limitation; and the cases make it clear that any such limited effect in particular situations is a matter of defense, to be passed upon by the jury in case of conflicting evidence. The rule, in substantially similar form, is apparently a general one in railroading in this country and has often figured in decisions. In Owens v. Union Pac. R. Co., 319 U.S. 715, 725, 63 S.Ct. 1271, 1276, 87 L.Ed. 1683, reversing Union Pac. R. Co. v. Owens, 9 Cir., 129 F.2d 1013, the Court appears to assume that its applicability was a jury question, notwithstanding the evidence, which, in the view of the three dissenting justices, showed "without contradiction that Rule 30 was not applicable to these switching operations." On remand of the case, Union Pac. R. Co. v. Owens, 9 Cir., 142 F.2d 145, 146, the court sent the case back for a new trial because "the jury should have had Rule 30 submitted to it together with the testimony as to the use or nonuse of the rule in its consideration of negligence as well as of assumption of risk." Again, in Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 33, 64 S.Ct. 409, 411, reversing 7 Cir., 134 F.2d 860, the Court holds, in view of Rule 30, that a jury question was presented, since, "in view of respondent's own rule that a bell must be rung 'when an engine is about to move,' it was not unreasonable for the jury to conclude that the failure to ring the bell under these circumstances constituted negligence," the circumstances being those of switching operations. See also Gildner v. Baltimore & O. R. Co., 2 Cir., 90 F.2d 635; Montgomery v. Baltimore & O. R. Co., 6 Cir., 22 F.2d 359; Pacheco v. New York, N. H. & H. R. Co., 2 Cir., 15 F.2d 467; Wyatt v. New York, O. & W. R. Co., 2 Cir., 45 F.2d 705, certiorari denied New York, O. & W. R. Co. v. Wyatt, 283 U.S. 829, 51 S.Ct. 353, 75 L.Ed. 1442; cf. Perrone v. Pennsylvania R. Co., 2 Cir., 136 F.2d 941; Id., 2 Cir., 143 F.2d 168.

It is, therefore, not doubtful that plaintiff was entitled to offer the rule in the first instance, although defendant, in turn, might have introduced evidence that the rule was in fact inapplicable under the circumstances, thus presenting an issue for the jury. Defendant contends that the exclusion was in any event not prejudicial; and under the evidence introduced, it is not at all unlikely that the jury might have found the same verdict had the rule not been excluded. But in view of the importance it assumed at the trial and the limited testimony otherwise available, we can hardly hold the exclusion not prejudicial. We call attention once more to the admonition we have often uttered against harsh exclusionary rulings by trial judges, for "admission seldom does any harm, while exclusion often proves extremely embarrassing in sustaining a judgment fundamentally just." United States v. White, 2 Cir., 124 F.2d 181, 186; Commercial Banking Corp. v. Martel, 2 Cir., 123 F.2d 846, 847.

Judgment reversed and case remanded for new trial.