**Owen JOHNSON, Plaintiff-Appellant,**

**v.**

**ERIE RAILROAD COMPANY,**
**Defendant-Appellee.**

**No. 339, Docket 23973.**

United States Court of Appeals
Second Circuit.

Argued April 12, 1956.

Decided Aug. 6, 1956.

Harry C. Chashin, New York City (Marcus & Levy, New York City), for plaintiff-appellant.

J. Roger Carroll, New York City (Davis, Polk, Gardner, Sunderland & Kiendl, New York City), for defendant-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

HINCKS, Circuit Judge.

Appellant, an employee of the defendant railroad, brought this action under the Federal Employers' Liability Act to recover for a leg injury allegedly sustained when he fell against the sharp edge of a box contained in a mail sack aboard a railway mail car in which he was working. At the time of the alleged accident the plaintiff was working in a mail car sandwiched between two other cars on a spur track on the lower level of the Paterson, New Jersey, station. The fall allegedly resulted from an impact of a locomotive occasioned by the coupling to the trio of cars. The claimed negligence on which the plaintiff relied was the railroad's failure to warn him of the impending impact, as was required by its rule,[1] through his friend and co-worker, DelGuidice, who was working on a track outside the car passing mail sacks in to the plaintiff. The plaintiff claimed that the blow of the box against his leg reactivated an osteomyelitic condition from which he had suffered some years before.

The charge contained a correct statement of the burden of proof. However, in one portion of the charge the judge went on to say:

"It is up to you ladies and gentlemen to determine whether the evidence adduced before you shows with reasonable certainty that the plaintiff's alleged injury or future disability, if you find he has any, resulted from the aggravation of the previous condition, or, rather from the previous condition itself, in order to warrant a recovery of damages in this case."

To this passage the plaintiff specifically excepted. We think the exception was well taken. At least as to injuries actually suffered prior to the trial, it was incumbent on the plaintiff to prove a causal connection with the defendant's negligence only by a fair preponderance of the evidence: to require proof to "a reasonable certainty" imposed an excessive burden. Johnson v. Connecticut Co., 85 Conn. 438, 83 A. 530, 531; Cross v. City of Syracuse, 200 N.Y. 393, 94 N.E. 184.

In making the specific exception noted above plaintiff's counsel concluded with the following observation. "I think the burden imposed on the plaintiff was undue and improper." While this general statement of position may have lacked the specificity required by Fed.Rules Civ. Proc. rule 51, 28 U.S.C.A., we think that consistent with our opinion in Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 2 Cir., 234 F.2d 253, we may consider other passages in the charge affecting the burden of proof.

The charge included this statement:

"The reason why you were drawn from your various occupations, sometimes at tremendous inconvenience, is because you bring to a

---

[1]. The plaintiff introduced in evidence an answer of the defendant to an interrogatory in which it was stated that the defendant's rule applicable to coupling of locomotives to standing mail and freight cars was that "Proper warning must be given in all cases and no cars or engines moved against cars standing on such tracks until it is ascertained that all persons engaged upon or around the cars to be moved have protected themselves against personal injury."

litigated controversial question of fact the judgment over a period of years in family matters and in business matters. And you are not expected to be convinced as to anything that occurred in any controverted question of fact in this litigation unless you have the same type of assurance and the same certainty that you would require of yourselves in the important decisions of your daily lives."

We think it erroneous thus to impose a subjective test and to equate a fair preponderance of the evidence with that degree of assurance and certainty which jurors would require for "the important decisions of their daily lives."[2] This portion of the charge is strikingly similar to the trial court's definition of reasonable doubt which was considered by the Supreme Court in Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150, a criminal tax evasion case. The court there held that the definition was not vitally inconsistent with the concept *of reasonable doubt*. That being so, such an instruction in a civil case puts an excessive burden on the plaintiff.

 In another passage, the judge categorically asserted that the plaintiff's version of how the accident happened conflicted with his out-of-court statement given to one Dr. Fernandez in the hospital. We do not find any necessary inconsistency in the earlier statement: at most it was a question for the jury. The judge then went on to say:

"* * * I don't want to review that evidence, but it is up to you to decide whether you want to believe one or the other, because *if you have any doubt about it* then he has not sustained the burden of proof which the law imposes upon him."

That statement was erroneous. Notwithstanding a doubt thus engendered a jury might yet properly find that the plaintiff had sustained the burden under which he labored. Aetna Life Insurance Co. v. Caffee, 5 Cir., 286 F. 657.

 It was further charged:

"* * * The burden is upon the plaintiff who is seeking damages, and it is up to him to satisfy you by a fair preponderance of the evidence of the justice of his claim in accordance with the rule of law I have just stated."

We think the use of the phrase "justice of his claim" was unfortunate. It may have given the jury a notion that they should render a defendant's verdict if under all the circumstances of the case they thought it not fair or "just" to compel the defendant to compensate the plaintiff for his injuries. The likelihood of such a misconception was somewhat increased by a prior instruction that, "the plaintiff has no right to collect damages from this defendant unless he has satisfied that burden *to your satisfaction*." The addition of the words just above italicized in combination with the passage above quoted, may have suggested to the jury that it lay within their discretion to require of the plaintiff more than a fair preponderance.

 In addition, we think the court stated the issue of contributory negligence to the jury in such terms that it might be thought that assumption of the risk was a good defense, contrary to 45 U.S.C.A. § 54. Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. The relevant portion of the charge was as follows:

"Now, as to the question of contributory negligence, which has been talked about in this case: Owen Johnson had been working part time, it is true, but he had been doing this job before. Is there anything that he did at the time that contributed to it? He knew what his condition was. He testified that the slightest bang on this bone might be an ag-

gravation of this condition. He claims he wasn't warned and that that violated their rule by not warning him. But DelGuidice, his own witness, testified that it was a normal coupling that happened every night, and presumably every night they didn't stop to warn him because it was so gentle that nobody was pushed around. At least, you will be entitled to infer that from the testimony of DelGuidice."

From this it might have been thought that it was permissible to infer that, because on other occasions when the plaintiff was at work the locomotive crew did not warn the mail car occupants, the plaintiff had assumed the risks of an unexpected coupling of normal force. The specific exception to this passage was well taken.

We also hold that, in view of the plaintiff's claim with respect to the defendant's rule requiring proper warning of a locomotive coupling, the charge was inadequate for its failure to instruct that a violation of the rule, if proved, was some evidence of negligence. Dundom v. New York Cent. R. Co., 2 Cir., 145 F.2d 711; Philadelphia & R. Ry. Co. v. Bartsch, 3 Cir., 9 F.2d 858; Pacheco v. New York, N. H. & H. R. Co., 2 Cir., 15 F.2d 467. This point also was saved by timely exception.

■ We think it not surprising that these inadvertent defects should have crept into the charge. For the judge was given no assistance by counsel by way of requests and had no opportunity in advance of his charge to formulate accurate expression safeguarded against possible misinterpretation. We need not consider how far separately each of the statements referred to would require reversal, since the cumulative effect of the several references is such as to make the possibility of confusion too great to disregard. We think the plaintiff entitled to a new trial.

Reversed and remanded.