**MOE LIGHT, Inc., Appellant,**

v.

**Wayne M. FOREMAN, Appellee.**

**No. 12851.**

United States Court of Appeals
Sixth Circuit.

Dec. 21, 1956.

Byron E. Ford, Columbus, Ohio, Vorys, Sater, Seymour & Pease, Columbus, Ohio, on the brief, for appellant.

---

Harold E. Gottlieb, Zanesville, Ohio, John C. Graham, Graham, Graham, Gottlieb & Johnston, Zanesville, Ohio, on the brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellee recovered judgment in the District Court for $51,500.00 as damages for personal injuries suffered in an automobile accident resulting from appellant's tractor and trailer, traveling eastwardly on a four-lane highway with a raised concrete strip in the center as a median divider for east and west bound traffic, crossing the median divider and colliding with appellee's automobile traveling in the opposite direction.

■ On this appeal objection is taken to the ruling of the Trial Judge which permitted appellee's doctor to testify with respect to loss of earning ability at some time in the future when appellee would become unable to continue in his present employment because of injury to the first sacral nerve root, which would probably become worse over a period of years and cause complete inability to work. On cross examination the witness admitted that his testimony was an estimate and a guess. Appellant relies upon the well-settled rule that damages accruing in the future must be shown with reasonable certainty and not be left to speculation or conjecture. Gibbons v. Baltimore & O. Railroad, 92 Ohio App. 87, 109 N.E.2d 511. However, the witness testified about the injury in detail and made definite findings about the injury, stating: "These are not imaginary things. They are there for anyone who wants to examine, to pick them up."

Considering this witness' testimony as a whole, we do not classify it as a guess or a conjecture in the usual meaning of the words. Moran v. Dake Drug Co., Sup., 134 N.Y.S. 995, 997; Hallum v. Omro, 122 Wis. 337, 99 N.W. 1051. He was qualified as a medical expert and gave the testimony as his medical opinion. Such expert opinion evidence was admissible. Shepherd v. Midland Mutual Life Ins. Co., 152 Ohio St. 6, 12, 87 N.E. 2d 156, 12 A.L.R.2d 1250. The fact that it dealt with future probabilities does not make it incompetent. Pearce v. Rodell, 283 Mich. 19, 31–32, 276 N.W. 883; Ellis v. Rhode Island Co., R.I., 67 A. 428. The objection goes to its weight rather than to its competency.

■ Nor do we consider the verdict so excessive as to cause it to be set aside. Imperial Oil, Limited v. Drlik, 6 Cir., 234 F.2d 4, 10–11. Appellee was 37 years of age, in normal good health, with a life expectancy of until approximately 70 years of age, earning approximately $405.00 a month as an assistant foreman in the tank shop of a company manufacturing transformers. He underwent an operation, losing approximately a month's time from work. He suffered a permanent disability of about 35 per cent, was unable to engage in physical exercise or outdoor sports without pain, and unable to sleep with comfort during the night. At the time of the trial, approximately three years after the accident, he continued to have a severe pain in his back, a pain in his leg and a partial numbness in his foot. In addition to awarding damages for medical expenses incurred and past and future pain and suffering, the jury was entitled to consider probable loss of earnings in the future. Imperial Oil, Limited v. Drlik, supra.

The judgment is affirmed.